**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

# ATF Guidebook - Importation & Verification of Firearms, Ammunition, and Implements of War

- 
- 

This publication was prepared by the Firearms and Explosives Imports Branch (FEIB), Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) to assist Importers and other Firearms Industry Members in identifying firearms, ammunition, and defense articles that may be imported into the United States and to further clarify and facilitate the import process. The FEIB Guidebook was developed to provide guidance in the importation process through the proper recognition and correct use of required forms, regulatory policies, and prescribed import procedures. This guide presents a comprehensive overview of the importation process and provides both relevant and definitive explanations of procedural functions by outlining the existing imports controls including the Arms Export Control Act (AECA), the National Firearms Act (NFA) and the Gun Control Act (GCA).

If there are any additional questions or further information is needed, please contact the Firearms and Explosives Imports Branch at (304) 616-4550.




Select a category to proceed. Select the down arrow to expand the category. Select the same arrow to collapse the category.

- How To Use This Guidebook
- General Overview
- ⊞ Policies & Procedures
    - *Policies & Procedures Overview*

    - *Import Requirements for Firearms & Ammunition*
    - *ATF 4590 – Factoring Criteria for Weapons*
    - *Restricted Importation*
    - *Conditional Importation*
    - *Arms Exports Control Act*
    - *Types of Forms*
- ⊞ General Information
    - *Types of Importers*
    - *Sales and Sales Samples*
    - *Import Activities in FTZ/CBW*
    - *Surplus Military*
    - *Firearms and Ammunition Excise Tax*
    - *Recordkeeping Requirements*
    - *Field Divisions*
- ⊞ Firearms Verification
    - Firearms Verification Overview
    - Gun Control Act Definitions –
    - Firearm
    - Antique Firearm
    - Ammunition
    - Silencer
    - Pistol
    - Revolver
    - Rifle
    - Shotgun
    - National Firearms Act Definitions –
    - Firearm
    - Silencer
    - Machinegun
    - Any Other Weapon
    - Destructive Device
    - Antique Firearm
    - Terminology & Nomenclature
    - Handgun – Pistol
    - Handgun – Revolver
    - Bolt Action
    - Lever Action
    - Self-Loading Action (Semiautomatic)
    - Slide/Pump Action
    - Top Break Action
- ⊞ Terminology & Nomenclature
    - Terminology & Nomenclature Overview
    - Handgun – Pistol
    - Handgun – Revolver
    - Bolt Action
    - Lever Action
    - Self-Loading Action (Semiautomatic)
    - Slide/Pump Action
    - Top Break Action
- Machinegun Destruction

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

# ATF Guidebook - Importation & Verification of Firearms, Ammunition, and Implements of War

## How to Use This Guidebook

# How To Use This Guidebook

Layout of the page

As depicted in the following illustration, the page is organized into three main areas: the page banner and top navigational bar, the left navigational bar and the content area.




## Page Banner and Top Navigational Bar

The Page Banner identifies the organization and is comprised of the ATF Seal and Bureau's name. The top navigational bar is comprised of functional utilities that facilitate navigation within the pages of the guidebook, and allows the user to print the guidebook by page, by section, or as a whole document.



Select this icon to return to the previous page. This icon is disabled if the previous page is not available.



Select this icon to print the current page on your selected local printer.



Select this icon to print the whole section that pertains to the current page. This utility will be disabled if the current page is the only page in its section.



Select this icon to print the entire guidebook. The system will display the PDF file and allow the user to print the PDF document to the selected local printer.



Select this icon to navigate to the page that follows the current page. This icon is disabled if the next page is not available.

## Left Navigational Bar

The left navigational bar itemizes the primary and secondary subjects of the guidebook and allows the user to navigate directly to a subject area.

- • Select a link on the left navigational bar to navigate to that page.
- The plus sign (⊞) that follows a hyperlink indicates that the link has secondary menus. Select the link preceding the plus sign or select the plus sign to expand the secondary menus. The secondary menu link can then be selected to navigate to that page. When expanded, the plus sign will change into a minus sign (⊟). Selecting the main section link or selecting the minus sign will collapse the secondary menus again.

## Content Area

The content area presents information pertaining to the selected page. When appropriate, the scroll bar will appear on the right side of the browser window to allow the user to scroll through the content.

Conventions Used In The Guidebook

## Graphical Utility Icons

The Guidebook uses graphical icons to emphasize items of interest to the users and to differentiate between types of content, as follows:

- The e-mail icon precedes an e-mail address. Select this icon or the corresponding name to send an e-mail.
- The phone icon precedes a phone number to provide more emphasis to the phone number.
- The web icon precedes a URL (Uniform Resource Locator) indicating the address of a website. Select the web icon or the URL to access that website.
- The view icon expands an image or text that further clarifies or elaborates a sentence or paragraph that precedes the icon. Select the view icon or the corresponding text link to expand the content.
- The print icon allows the user to print the current page or the text that precedes the icon. Select the print icon to print.

## Document Icons

The Guidebook uses document icons to display a document link and to indicate the type of document, such as MS Word or Acrobat PDF. Select the document icon or the document link to view that document.

- MS Project document icon
- Adobe Acrobat PDF document icon
- MS Word document icon

ATF Internet

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

# ATF Guidebook - Importation & Verification of Firearms, Ammunition, and Implements of War

## General Overview

# General Overview

## National Firearms Act (NFA)

The importation of certain firearms, including but not limited to, machineguns, silencers, certain weapons made from rifles or shotguns, and destructive devices is also restricted under the **National Firearms Act (NFA). 26 U.S.C. § 5844.**

## Arms Export Control Act of 1976 (AECA)

The importation of certain defense articles to include certain firearms, firearms parts, ammunition and certain other military equipment is subject to the provisions of the **Arms Export Control Act of 1976 (AECA). 22 U.S.C. § 2778.**

## Gun Control Act of 1968 (GCA)

The **Gun Control Act of 1968 (GCA)** generally prohibits the importation of firearms, firearm frames or receivers, firearm barrels and ammunition into the United States. However, the GCA creates several narrow categories of firearms the Attorney General shall authorize for importation. In general, the GCA provides in Title 18, United States Code (U.S.C.), Chapter 44, Section 925 that firearms or ammunition may be imported into the United States: (1) for the purpose of scientific testing or research or for competition training under the provisions of Title 10, Chapter 401; (2) as unserviceable firearms, other than a machinegun as defined in **26 U.S.C. § 5844**, (not readily restorable to firing condition) if imported as a curio or museum piece; (3) if the firearms or ammunition are of a type generally recognized as particularly suitable for or readily adaptable to "sporting purposes"; or (4) the firearms or ammunition were previously taken out of the United States by the person who is bringing in the firearms or ammunition. Surplus military firearms and other non-sporting firearms qualifying as "curios or relics" may be imported. **18 U.S.C. § 925 (e)**. Title **18 U.S.C. § 925(a)(1)** provides that the prohibition on the importation of firearms, firearm frames or receivers, firearm barrels and ammunition does not apply to the importation of firearms or ammunition sold or shipped to, or issued for the use of the United States or any department or agency thereof, or any State or any department, agency, or political subdivision thereof.

Handguns being imported into the United States must also be recognized as particularly suitable for or readily adaptable to sporting purposes under **18 U.S.C. § 925(d)(3)**. An ATF Form 4590, Factoring Criteria for Weapons, is used in evaluating handguns for these purposes.

Handguns evaluated on the Form 4590 must obtain a certain numeric value before they are approved for importation. The factoring criteria are based upon certain considerations such as dimensions, material used in construction, weight, caliber, safety features, and miscellaneous equipment. For additional information on the importability of handguns, see Factoring Criteria in this FEIB Guidebook.

In determining whether a particular rifle or shotgun is suitable for or readily adaptable to sporting purposes within the meaning of the statute, ATF generally relies upon an analysis of the physical features of the firearm. Determinations regarding the classification of a specific rifle or shotgun are made on a case-by-case basis using criteria that includes the overall

appearance, length, weight, receiver or frame design and construction, designed magazine capacity, configuration and the presence of various physical characteristics designed for military and law enforcement application that distinguish the sample rifle or shotgun from traditional sporting firearms. (See e.g., ATF Rul. 94-1, 94-2, 95-3).

**18 U.S.C. § 925(d)** and **27 CFR 478.116** authorize the conditional importation of a firearm or ammunition for the purpose of examination and testing by ATF in connection with the making of a determination as to whether the importation of the firearm or ammunition will be allowed under this section. An ATF Form 6, Application and Permit for Importation of Firearms, Ammunition and Implements of War, is used to initiate the importation. A Form 6 that is conditionally approved instructs the U.S. Customs and Border Protection (CBP) to deliver the firearm or ammunition from the port of entry to ATF. If, upon completion of ATF's examination the firearm or ammunition is determined to be importable, the firearm or ammunition will be returned to the importer or to their broker. If the firearm or ammunition is found to be unsuitable for importation the firearm or ammunition must be export by you, the importer, pursuant to an export license from the Department of State or Commerce, abandoned to ATF for destruction, or ATF will seek forfeiture.

ATF Internet

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

# ATF Guidebook - Importation & Verification of Firearms, Ammunition, and Implements of War

## Policies and Procedures

# Policies & Procedures Overview

The following policies and procedures are required to initiate the importation of firearms, ammunition and implements of war:

Laws & Regulations (In Brief)

- The importation of firearms, firearm frames and receivers, firearm barrels, and ammunition is subject to the provisions of **18 U.S.C., Chapter 44,** the GCA and the implementing regulations in **27 CFR, Part 478**.
- The importation of certain firearms, including but not limited to, machineguns, silencers, certain large caliber weapons, other concealable weapons and explosive or incendiary weapons is also subject to the provisions of **26 U.S.C., Chapter 53**, the NFA and the implementing regulations in **27 CFR, Part 479**.
- The importation defense articles to include certain firearms, firearm parts, ammunition and other defense articles on the U.S. Munitions Import List (USMIL) is also subject to the provisions of the **22 U.S.C. § 2778**, the AECA and the implementing regulations **in 27 CFR, Part 447**. (see **27 CFR § 447.21** for list of articles on the USMIL)

1. In order to engage in the business of importing firearms or ammunition for resale, you must obtain a Federal Firearms License (FFL) as an importer. You may apply for a license by executing the ATF Form 7, Application for License, and forwarding it, with fingerprints, photographs and fee attached, to the address indicated on the form. You are also encouraged to check with State and local authorities to ensure you will be complying with their requirements for conducting a firearms or ammunition business within their jurisdiction.
2. In order to engage in the business of importing articles on the USMIL, including firearms, firearm parts or ammunition (other than sporting shotguns, shotgun parts, or shotgun shells) for resale, you must also be registered with ATF as an importer of USMIL articles. You may apply for registration by executing ATF Form 4587, Application to Register as an Importer of U.S. Munitions Import List Articles, in duplicate, with an original signature on both copies, and enclosing your a check made payable to: Bureau of Alcohol, Tobacco, Firearms and Explosives, in the amount of $250 for 1 year; $500 for 2 years; $700 for 3 years; $850 for 4 years; or $1,000 for 5 years. The Form 4587 and check should be forwarded to the address indicated on the form.
3. In order to engage in the business of importing, manufacturing, or dealing in firearms coming within the purview of the NFA, you must register and pay a special (occupational) tax (SOT). NFA firearms include machineguns, destructive devices, short-barreled shotguns, short-barreled rifles, etc. You may register as an NFA SOT taxpayer by executing ATF Form 5630.7 and forwarding it with the fee attached to the Bureau of Alcohol, Tobacco, Firearms and Explosives, P.O. Box 371962M, Pittsburgh, PA 15250-7962. As an SOT, you are required to have an Employer Identification Number (EIN). You may apply for your EIN by executing Form SS-4 (instruction sheet attached). You are also encouraged to check with State and local authorities to ensure you will be complying with their requirements regarding NFA weapons.
4. An approved import permit on ATF Form 6, Application and Permit for Importation of Firearms, Ammunition and Implements of War, is required to import these articles into the United States and allows the importation of the articles listed on the form. A permit is valid for one year from its approved date.

5. A Federally licensed firearms dealer, pawnbroker or manufacturer, other than a manufacturer of ammunition only (Type 06 FFL) may obtain a permit to occasionally import a firearm for the FFL's personal use, or for the personal use of a customer (the customer's name, address and purpose of importation should be shown in the item entitled 'Specific Purpose of Importation' on the Form 6 Part I), without becoming licensed and registered as an importer.
6. A Federally licensed firearms collector may obtain a permit to occasionally import curio or relic firearms for the purpose of enhancing the collector's personal firearms collection, without becoming licensed and registered as an importer. However, a licensed collector may not import surplus military curio or relic firearms or nonsporting handguns.
7. An unlicensed person may obtain a permit to import sporting ammunition (excluding armor-piercing, tracer, or incendiary ammunition) and firearm parts (other than frames, receivers, firearm barrels, or barreled actions) without engaging the services of an FFL, provided the items are for personal use and not for resale. Generally, ATF cannot issue a permit authorizing the importation of firearms barrels for nonsporting or surplus military firearms.
8. In order to engage in the business of exporting, manufacturing, or brokering items on the USMIL you must be registered with the Department of State which administers the export and manufacturing provisions of the AECA. Generally, persons holding a manufacturer's FFL (Types 06, 07, and 10) must register as a manufacturer with the Department of State unless specifically exempted by an International Traffic in Arms Regulation (ITAR). For further information, you should contact:
   Office of Defense Trade Controls PM/DDTC
   **Department of State Suite 1200 SA-I**
   2401 E Street, NW Washington, DC 20522-0112
   ☎ (202) 663-2980 www.pmdtc.org
9. The Department of Commerce regulates the exportation of sporting shotguns, shotgun parts, sporting shotgun ammunition, firearm-type accessories and certain parts (e.g. sights, scopes, and mounts). For further information you should contact:
   Bureau of Industry and Security
   Export Counseling Division
   **Department of Commerce**
   19th Street & Pennsylvania Ave., NW Washington, DC 20230
   ☎ (202) 482-4811 www.bis.doc.gov

ATF Internet

# Import Requirements for Firearms & Ammunition

It shall be unlawful for any person other than an FFL, knowingly to import, or bring into the United States, any firearms or ammunition. 18 U.S.C. § 922(a)(1).

However, as provided in **18 U.S.C. § 925**, the GCA generally allows the importation of sporting firearms and ammunition and certain surplus military firearms classified as curios or relics.

Sporting Firearms and Ammunition

To qualify for importation under **18 U.S.C. § 925(d)(3),** a firearm or ammunition must not fall under the definition of firearm as defined **in 26 U.S.C. § 5845(b),** and must be of a type generally recognized as particularly suitable for or readily adaptable to sporting purposes.

- **Handguns** – Pistols & revolvers must meet size & safety requirements and accrue a qualifying point value specified on ATF Form 4590, Factoring Criteria for Weapons.
- **Rifles and Shotguns** –Firearms such as single shot, lever action, bolt action and certain semiautomatic long guns with generally recognized sporting features.

  NOTE: ATF has determined that certain features designed for military application are indicative of non-sporting rifles and shotguns. Features which are not recognized as sporting include, but are not limited to, folding or telescoping stocks, pistol grips that protrude conspicuously beneath the action of the weapon, a bayonet or bayonet mount, a flash suppressor or threaded barrel designed to accommodate a flash suppressor, a grenade launcher and night sights. These features as well as other information concerning a particular firearm may result in ATF classifying a rifle or shotgun as non-sporting. Additional information regarding this subject is available in the Report and Recommendation of the ATF Working Group on the Importability of Certain Semiautomatic Rifles or The Department of Treasury Study on the Suitability of Modified Semiautomatic Assault Rifles (4/98)
- **Ammunition** - Sporting ammunition is all ammunition EXCEPT, tracer or incendiary rounds, ammunition for destructive devices, less than lethal (i.e., rubber projectiles) and armor piercing ammunition as defined in **18 U.S.C. § 921(a)(17) and 27 CFR § 478.11**.

Surplus Military Firearms

- A surplus military firearm is any firearm which has ever been possessed by a regular or irregular military force. Surplus military firearms are prohibited from importation under **18 U.S.C. § 925(d)(3)**; however, **§ 925(e)** authorizes licensed importers (FFL type 08 or 11) to import surplus military rifles and shotguns classified as curios or relics; and handguns classified as curios or relics which meet the sporting criteria. In order to qualify for importation the firearms must be in their original military configuration and cannot have been sporterized. Further, under the AECA, the importation of U.S.-origin surplus military firearms is generally prohibited without retransfer authorization from the Department of State. **27 CFR § 447.57**.

ATF Internet

# ATF Form 4590 – Factoring Criteria for Weapons

Form 4590 is intended for informational use only. Copies are provided for your review to promote a better understanding of how ATF determines the importability of handguns but may not be submitted for consideration by ATF as the form is used by ATF only.

The **ATF Form 4590, Factoring Criteria for Weapons**, was implemented as a result of the Gun Control Act of 1968 (GCA). Following the enactment of the GCA, the Treasury Department established an advisory council known as the Firearms Evaluation Panel to provide guidance in determining an import standard, and to identify which firearms met this standard for importation into the United States. The panel focused its attention on handguns and recommended the adoption of a factoring criteria to evaluate certain types of handguns. The resulting factoring criteria for handguns is a one-page worksheet utilized by ATF's Firearms Technology Branch to calculate a numeric score that is used in determining whether a certain handgun may be legally imported into the United States.

- **Form 4590** establishes certain standards and prerequisites for imported handguns. Those qualifying benchmarks establish the minimum size and weight requirements for handguns under consideration for importation. Each submitted sample can accrue additional points based on the cumulative evaluation of its configuration, design, and enhanced safety features that further contribute to overall sporting and safety characteristics. The factoring criteria apply only to complete firearms, not actions, frames or receivers.
- Generally, domestically produced firearms are not subject to the factoring criteria as long as they remain within the United States. However, if a U.S. made handgun were exported, it would be subject to the factoring criteria before it could be imported back into the United States. An exception to this rule is provided if the person who exported the firearm is the person bringing it back into the United States. In such an instance the sporting purposes test does not apply. **18 U.S.C. § 925(d)(4)**.
- Handguns that are classified as surplus military curios or relics are also subject to the factoring criteria. Failure to obtain a sufficient numeric score on ATF Form 4590 would prohibit their importation.

ATF Internet

# Restricted Importation

- **NFA Firearms** – Those firearms as defined in **26 U.S.C. § 5845**, which include such firearms as machineguns, machinegun receivers, silencers, short barreled rifles, short barreled shotguns, destructive devices, smoothbore pistols, and certain other firearms (including certain unserviceable weapons).
- **Surplus Military Firearms** – Those firearms which are generally not authorized for importation under **18 U.S.C. § 925(d)(3)**.
- **Nonsporting Firearms** – such as handguns which do not meet the sporting purpose criteria on ATF Form 4590, any rifle or shotgun with a folding stock or folding bayonet, and shotguns having a fixed magazine with a capacity of more than 5 cartridges and certain military style semiautomatic rifles and shotguns.
- **Nonsporting Ammunition** – – including armor piercing ammunition, tracer ammunition (except sporting shotgun ammunition), ammunition for destructive devices, and incendiary ammunition. (see **18 U.S.C. § 921(a)(17)(B)**).
- **Proscribed Countries** – Importation of firearms (other than sporting shotguns), ammunition (other than sporting shotgun ammunition), and munitions list articles originating in certain countries is prohibited. View List
- **Voluntary Restraining Agreement** – – Certain restrictions apply to both ammunition and firearms (other than sporting shotguns) which are located or manufactured in Georgia, Kazakhstan, Kyrgystan, Moldova, Russian Federation, Turkmenistan, Ukraine or Uzbekistan and any firearm or ammunition manufactured in the former Soviet Union located anywhere in the world. Only the following stipulated firearm models or parts for these models are importable under the present agreement. **27 CFR § 447.52**. View List

ATF Internet

# Conditional Importation

ATF may authorize firearms, ammunition and implements of war to be imported for examination by ATF's Firearms Technology Branch to determine their import status. Items which are determined to be nonimportable generally must be forfeited to the United States government, exported under a State Department license, or destroyed under Customs supervision. **18 U.S.C. § 925(d); 26 U.S.C. § 5844**.

- Conditional importation is also allowed for articles imported for storage in a CBP Bonded Warehouse (CBW) or in a Foreign Trade Zone (FTZ).

When ATF approves a conditional importation, the ATF Form 6 is stamped "CONDITIONAL IMPORTATION PER ATTACHMENT" in red letters. The applicant will also receive a letter attachment outlining the reasons why this application was conditionally approved and providing further importation instructions.

If CBP releases the firearm(s) to you or your broker under conditional importation, it is your responsibility to forward the firearm(s) to ATF's Firearms Technology Branch. You are not required to affix the required markings of **18 U.S.C. § 923(i); 27 CFR § 478.92 and 26 U.S.C. § 5842; 27 CFR § 479.102** to conditionally imported firearms; however, if you do, ATF will consider them in its evaluation. View forms below -

- **ATF F 5330.3A (Form 6, Part I) -** Application and Permit for Importation of Firearms, Ammunition, and Implements of War
- **ATF F 5330.3B (Form 6, Part II) -** Application and Permit for Importation of Firearms, Ammunition and Implements of War (for use by members of the US Armed Forces)
- **ATF F 5330.3C (ATF E Form 6A) -** Release and Receipt of Imported Firearms, Ammunition and Implements of War
- **ATF F 5330.3D (Form 6NIA) -** Application and Permit fo Temporary Importation of Firearms and Ammunition by Nonimmigrant Aliens

ATF Internet

# Arms Export Control Act

Arms Export Control Act of 1976 – 22 U.S.C. § 2778

The United States Munitions Import List

With respect to Section 38 of the AECA, only the permanent importation provisions are administered by ATF. Permanent and temporary export, as well as the temporary import provisions are administered by the Department of State. Importation regulations issued under this law are in 27 CFR Part 447 and are included in the Federal Firearms Regulations Reference Guide, ATF P 5300.4. See Part 447 of that publication.

The USMIL is compiled in conjunction with Department of State, Directorate of Defense Trade Controls (DDTC) and enumerates defense articles and defines defense services that may be imported into the United States under the provisions the AECA administered by ATF.

Articles on the USMIL also include items in a partially completed state (such as forgings, castings, extrusions, and machined bodies) that have reached a stage in manufacture where they have been clearly identified as defense articles. **27 CFR, § 447.22**.

Anyone engaged in the business of importing articles on the U.S. Munitions Import List for commercial purposes must register with ATF as an importer under the AECA using ATF Form 4587 and pay the prescribed fee. **27 CFR §§ 447.31 and 447.32.**

The term "firearms" is defined in **27 CFR § 447.11** as

> "A weapon, and all components and parts therefore, not over .50 caliber which will or is designed to or may be readily converted to expel a projectile by the action of an explosive, but shall not include BB and pellet guns, and muzzle loading (black powder) firearms (including any firearm with a matchlock, flintlock, percussion cap, or similar type of ignition system) or firearms covered by Category 1(a) established to have been manufactured in or before 1898."

The provisions of **27 CFR § 447.2** in part, provide that all items on the USMIL which are "firearms" or "ammunition" as defined in **18 U.S.C § 921(a)** are subject to the interstate and foreign commerce controls contained in Chapter 44 of Title **18 U.S.C** and **27 CFR Part 478**. If they are "firearms" within definition set out in **26 U.S.C § 5845(a), they** are also subject to the provisions of **27 CFR Part 479**.

Importation of Firearm Parts and Other Munitions Import List Articles

Firearm parts (other than parts for sporting shotguns), gas masks and other articles enumerated in the USMIL, **27 CFR § 447.21, also** require an import permit ATF Form 6 (part 1).

View Related Links PDF version of Subpart C – US Munitions Import List

Importers Registration

You may apply for registration by completing the ATF Form 4587 , Application To Register as an Importer of U.S. Munitions Import List Articles, in duplicate, and enclosing your check made payable to the Bureau of Alcohol, Tobacco, Firearms and Explosives.

**Importer Registration Fee Schedule**

| | |
|---|---|
| $250 | 1 year |
| $500 | 2 years |
| $700 | 3 years |
| $850 | 4 years |
| $1000 | 5 years |

* Fees subject to change by regulation.

The completed application Form 4587 and check must be mailed directly to the address indicated on the form.

**NOTE:** Once ATF has received and processed your application, one copy of the completed form will be returned to you with your registration number. You may then begin submitting ATF Forms 6 (including your registration number entered on Line 12) to the Firearms and Explosives Imports Branch for the commodities you intend to import.

ATF Internet

# Types of Forms

The following types of forms and processes are relevant in the importation of firearms and ammunitions:

- Applications
- Processing ATF Form 6 Part I
- Processing ATF Form 6A
- Forms Required for Importation
- Sample of Required Forms
- ATF Form 6 Parts I, II, 6NIA & 6A Exemptions

ATF Internet

# Types of Forms

Types of Forms


- Applications
- Processing ATF Form 6 Part I
- Processing ATF Form 6A
- Forms Required for Importation
- Sample of Required Forms
- ATF Form 6 Exemptions


## Applications

To obtain approval of submitted applications, the items to be imported must be correctly and completely identified on the ATF Form 6. In the case of new or unusual firearms, photographs and drawings of all markings should be submitted with the permit. It is strongly recommended that persons wishing to import firearms, ammunition, and defense articles first determine if the items are importable and then obtain an approved ATF Form 6 before acquiring the items abroad or attempting to bring them into the United States. Items may be conditionally imported pursuant to **18 U.S.C. § 925(d) and/or 26 U.S.C. § 5844**.

### ATF FORM 6

**Application and Permit for Importation of Firearms, Ammunition and Implements of War**

This is the form generally needed to import firearms, ammunition and other defense articles into the United States.

This is the form generally needed to import firearms, ammunition and other defense articles into the United States.

**NOTE:** It typically takes the Firearms and Explosives Imports Branch (FEIB) personnel four to six weeks to process a properly executed ATF Form 6 import permit application.

## Permit Application Tracking System

One tracking method employed by importers involves the use and placement of an internal control number or optional number generated by the importers on the permit applications they submit. ATF encourages the use of internal control numbers or optional numbers by importers. Importers who elect to use an internal control numbers or optional numbers *(composed of no more than 20 alpha-numeric characters)* should place these numbers at the top of their ATF Forms 6 in the space entitled **For Applicant's Optional Use**. Our database will allow us to capture these unique numbers as a key field, and allows us to search for a given application the unique number established by the importer.

# Types of Forms

Types of Forms

[Applications](#)
[Processing ATF Form 6 Part I](#)
[Processing ATF Form 6A](#)
[Forms Required for Importation](#)
[Sample of Required Forms](#)
[ATF Form 6 Parts I, II, 6NIA & 6A Exemptions](#)

Processing ATF Form 6 Part I – View Form

To assist us in the processing of your forms in a timely manner, we ask that you ensure the following:

- The form is the most current edition, is fully completed, and contains accurate and complete information. If the form is missing information or does not contain the required supporting documentation, it will be disapproved and returned to you, along with a letter stating the reason(s) for disapproval. If the information on the form is not legible, it may cause a delay in processing.
- **Item 1** contains a complete and valid 15-digit FFL number and the expiration date. The 9th digit of the FFL number indicates the year the license expires, and the 10th character indicates the month. The expiration date also appears on the face of the license.
  - **A**=Jan
  - **B**=Feb
  - **C**=Mar
  - **D**=Apr
  - **E**=May
  - **F**=June
  - **G**=Jul
  - **H**=Aug
  - **J**=Sept
  - **K**=Oct
  - **L**=Nov
  - **M**=Dec
- **Item 2** contains your business telephone number. You may also provide a business fax number. Please note "**B**" next to your business telephone number and the "**F**" next to your fax number.
- **Item 3** notes the name of the country of export. Pursuant to **27 CFR § 447.52**, ATF is prohibited from approving applications to import articles that were manufactured in, or are being exported from, a proscribed country.
- **Item 4** lists the name and address of your Customs broker, if you are using one. If you would like the Form 6 to be returned to the broker, indicate by checking the box at the bottom of this section.
- **Item 5** contains your name and address, not the name and address of the person for whom you may be importing the articles. If you use your own tracking number, please enter it in the "For Applicant's Optional Use" section of Form 6 at the top of the form.
- **Item 6** lists the foreign seller's name and address.

- **Item 7** lists the foreign shipper's name and address. If this information is identical to the information in Item 6, you may note the words "**See Item 6.**"
- **Item 8a** notes the name, address, and the country in which the firearm was manufactured. This section needs, at minimum, the full name and country of the manufacturer. Pursuant to **27 CFR § 447.52**, ATF is prohibited from approving applications to import articles that were manufactured in, or being exported from a proscribed country.
- Item **8b** notes only the following acronyms:
    - **SG**=shotgun
    - **RI**=rifle
    - **PI**=pistol
    - **RE**=revolver

  Any information you can provide to further identify articles may be noted in **Item 8b**. For example, if you know the firearm is a nonsporting or an NFA firearm, you may note this information separately, directly under columns **Item 8b-d**, after you have described the articles in **Items 8a-k**.  Also, if you are importing frames or receivers, indicate this in the same area.  If you enter items on a separate attached sheet, put the total quantity of all articles applied for on the front of the application in **Item 8d**.

  Please ensure all required information required by **Item 8** is included on attachments. Copies of invoices or catalogs may not contain sufficient information for ATF to determine if the articles are importable.

- **Items 8c-k** notes further description of the article, such as caliber/gauge, quantity, unit cost in US dollars, USMIL category, model designation, barrel and overall lengths in inches, serial number, if known, and the condition of the articles (N=new and U=used). The USMIL categories are in **27 CFR § 447.21** as outlined in our ATF Publication 5300.4.

  ***For example***, firearms and firearms components are **Category I** and ammunition is **Category III**.
- **Item 9a, 9b, or 9c** must be checked. Please note that **Items 9b and 9c** pertain to U.S. military defense articles designated as Significant Military Equipment (SME) by the Department of State (e.g. firearms and firearm component parts, ammunition and ammunition components, military vehicles, military aircraft) and not to goods manufactured for the commercial or civilian market. You must check **Item 9b** if the SME sought for importation contains U.S. manufactured parts or components or parts or components that were manufactured with U.S. military technical data or assistance and the SME was provided to by the U.S. government to a foreign government through a grant or Foreign Military Sales program, **and** you must attach to your application a copy of  the written retransfer authorization issued to the foreign seller by the following office:

**Department of State**
**Office of Regional Security and Arms Transfer Policy (RSAT)**,
(202) 647-9750

- You must check **Item 9c** if the SME sought for importation contain U.S. manufactured parts or components and/or foreign manufactured parts or components that were manufactured with U.S. military technical data or assistance, and were provided to a foreign government pursuant to an export license issued by the Department of State, **and**

you must attach to your application a copy of the written retransfer authorization issued to the foreign seller by the following office:

**Department of State**
**Directorate of Defense Trade Controls (DDTC)**,
(202) 663-1282

- **Item 10** must ALWAYS state the specific purpose of importation, such as, without limitation, resale, gun show, personal use, on behalf of an individual, entry or removal from a CBW or FTZ, etc. Please provide the name of the special (occupational) taxpayer (SOT) and/or law enforcement/government entities ultimately demonstrating or receiving the imported articles. If you are importing on behalf of a non-licensee, include his or her name and addresses in this section.
- **Item 11.** This item pertains to the Arms Export Control Act of 1976 (AECA). If you completed the
- ATF F 5330.4 (4587), Application to Register as an Importer of U.S. Munitions Import List Articles (USMIL), and paid $250-$1000 to become a registered importer, you must check "yes", even if the item(s) you are applying for do not fall under the AECA.
- **Item 12** notes the full 10-digit AECA number which was issued by the Firearms and Explosives Imports Branch (FEIB) when you completed Form 4587.
- **Item 13** bears your original signature.
- **Item 14** notes your title, such as Importer, CEO, or President.
- **Item 15** is the date the person in Item 13 signed the form.
- The detachable perforated strip located at the top of the triplicate Form 6 is completely removed.
- All carbon sheets are completely removed, if located inside the original Form 6 import permit application.
- Three (triplicate) copies of any supporting documentation pertaining to the application are submitted, which includes fax copies. The supporting documentation must be attached to each copy of the Form 6.
- Any separate sheets you prepare and attach to the completed Form 6, listing articles you wish to import must coincide with the format (Items 8a-k) on the face of the form. You must submit three copies of these attachment sheets, attached to each copy of the Form 6.
- Supporting documentation lists only those articles listed on the completed Form 6, and those articles are identical and distinctly identified by the manufacturer's name and address, type, caliber/gauge, model designation, and serial number(s) if known.
- ATF’s four-to-six weeks processing period begins the day FEIB receives the application. Please try to wait until that period expires before contacting FEIB to inquire about the receipt or processing status of your Form 6, as it interrupts and delays the processing of your applications and those of other applicants.
- Forms 6 are processed on a first-come, first-served basis. Any Form 6 resubmitted because your initial permit has or will soon expire, will be considered a newly received Form 6. **27 CFR § 447.43** states that Form 6 import permit applications are valid for one year from their issuance date. Please ensure that your applications are submitted with sufficient lead time to avoid your current permit from expiring. Also remember that only the articles which are listed on the approved permit may be imported within the approved time period.

- Firearms returned to the United States for repair, replacement, or customizing and subsequent export should be imported with a temporary import license issued by the U.S. Department of State:

**U.S. State Department**
**Directorate of Defense Trade Controls**
PM/DTC, Room 1304, SA-1
Washington, DC 20037
(202) 663-1282

ATF Internet

# Types of Forms

Importing Activities

- Applications
- Processing ATF Form 6 Part I
- Processing ATF Form 6A
- Forms Required for Importation
- Sample of Required Forms
- ATF Form 6 Exemptions

Processing ATF Form 6A View Form

**ATF F 6A**, Release and Receipt of Imported Firearms, Ammunition and Implements of War is used to release firearms, firearms parts, ammunition and other defense articles to you from U.S. Customs and Border Protection officials.

As FFL importers (Types 08 or 11) and/or AECA registered importers, the information below will provide you with the procedure and process needed to ensure Customs and Border Protection (CBP) officials release your imported articles to you.

- An approved ATF Form 6 permit will be returned to you along with two blank ATF Forms 6A. You must fully complete Section I of the ATF Form 6A for each incoming shipment.
- **27 CFR § 447.45(a) and 27 CFR § 448.112(c)** impose an additional requirement on all registered and FFL (Type 08 or 11) importers. In addition to the ATF Forms 6 and 6A already required to obtain the release of firearms, firearms parts, or ammunition, you must also present to CBP officials a copy of the export license authorizing the export of the articles from the country of export. If the exporting country does not require the issuance of an export license, you instead must present a certification, signed under penalties of perjury, attesting to that effect.
- CBP may conduct a physical examination of the articles to ensure the articles imported coincide with the approved Form 6 and completed Form 6A.
- CBP will complete Section II of the first Form 6A if they are satisfied that the shipment of firearms(s), ammunition or implements of war is authorized by ATF. The CBP official should return the Form 6 to you and send the first Form 6A, with Section II completed, directly to FEIB.
- Within 15 days after the articles have been released by CBP, including release from a CBW or FTZ the importer must complete the marking requirements of **27 CFR § 478.92** and/or **§ 479.102** and the record keeping requirements of **27 CFR § 478.122**.
- Within that same 15 days, 27 CFR § 478.112 provides that each importer of firearms must complete Section III of the second ATF Form 6A and forward it directly to FEIB. Your original signature must be placed in Item 19.
- Section **478.129(d)** requires licensed importers to maintain permanent records of the importation or other acquisition of firearms, including Forms 6 or 6A. To satisfy this requirement, in view of the current instructions to prepare the Form 6A in duplicate, ATF recommends that importers either retain a photocopy of the second Form 6A in their records or prepare the Form 6A in triplicate and retain the third copy in their records.

ATF Internet

# Types of Forms

Types of Forms


- Applications
- Processing ATF Form 6 Part I
- Processing ATF Form 6A
- Forms Required for Importation
- Sample of Required Forms
- ATF Form 6 Parts I, II, 6NIA & 6A Exemptions


Forms required for Importation

- **ATF Form 6 – Part I: white, generally used by licensees and certain non-licensees View Form**
  - o Except as provided in 27 CFR Parts 447 and 478, importers cannot secure the release of firearms, firearm component parts, ammunition, or other USMIL defense articles from Customs and Border Protection (CBP) custom without presenting an approved ATF Form 6 permit.
  - Restrictions apply to various types of firearms and ammunition; the type of importer; the country of origin; and the purpose of importation.
- **ATF Form 6 – Part II: blue, restricted to use by members of the U.S. Armed Forces on active duty outside the U.S. View Form**
  - U.S. military personnel must have been on temporary duty (TDY) or have been on active duty outside of the U.S. within 60 days preceding the intended importation.
  - The firearm or ammunition must be suitable for sporting purposes.
  - The firearm cannot be a surplus military firearm.
  - The country of manufacture or exportation of the firearm or ammunition cannot be proscribed pursuant to **27 CFR § 478.52**.
  - The firearm or ammunition must be intended for personal use and not as a gift or resale.

    **NOTE:** Military members must complete the Form 6 Part I to import implements of war, such as firearms component parts.
- **ATF Form 6A – green, this form must be completed to secure the release of articles from Customs and Border Protection (CBP) custody. View Form**
  - Licensed and registered importers must submit only the first of two copies to CBP.
  - Non-licensed importers submit single copy to CBP.
  - CBP officials complete and sign Section II of the first copy and submit it directly to ATF without returning it to the importer.
  - Licensed and registered importers must complete Section III of second copy within 15 days of release by CBP and submit directly to ATF.
- **ATF Form 6NIA – white, form used by nonimmigrant aliens for temporary importation. View Form**
  - Form must be submitted with a valid hunting license from any U.S. state, or an invitation/registration to compete in a qualified competitive shooting event or

exhibit firearms or ammunition at a qualified sports/hunting trade show. **27 CFR § 478.100.**

- Permit is valid for one year from approval date. Nonimmigrant aliens may enter U.S. multiple times as long as their hunting license or permit, or invitation/registration is valid at the time of entry into to the U.S. Only the firearms, ammunition, and other articles approved on the Form 6 NIA may be imported.

Forms required for Importation of defense articles into the United States for commercial resale and distribution

| Commodity | Federal Firearms License | Federal Explosives License/User's Permit | ATF Form 4587 Registration as importer under the AECA | ATF Form 5530.7 (SOT) as Importer of NFA weapons | ApprovedATF Form 6 Import Permit |
|---|---|---|---|---|---|
| Implements of War (All USMIL defense articles other than firearms and ammunition) | | | √ | | √ |
| Sporting Shotguns and Sporting Shotgun Ammunition | √ Type 08 or 11 FFL | | | | √ |
| All Other Firearms EXCLUDING NFA Firearms and Destructive Devices | √ Type 08 or 11 FFL | | √ | | √ |
| NFA Firearms EXCLUDINGDestructive Devices | √ Type 08 or 11 FFL | | √ | √ To become a Class I Special (Occupational Taxpayer) | √ |
| Destructive Devices | √ Type 11 FFL | | √ | √ To become a Class I Special (Occupational Taxpayer) | √ |
| Barrels for SportingRifles and Handguns | | | √ | | √ |
| Barrels for Sporting Shotguns | | | | | √ |
| Barrels for Nonsporting/NFA Firearms | | | √ | | √ |
| Dual Use(Sporting/Nonsporting) Barrels | | | √ | | √ |
| Barrels forSurplus Military Firearms | | | √ | | √ |
| Rifle and Handgun Ammunition other than Ammunition for Destructive Devices and | √ Type 08 or 11 FFL | | √ | | √ |

| | | | | | |
|---|---|---|---|---|---|
| Armor Piercing Ammunition | | | | | |
| Ammunition for Destructive Devices and Armor Piercing Ammunition | √ Type 11 FFL | | √ | | √ |
| Bulk Smokeless Powder | √ Type 08 or 11 FFL | √ Explosives Importers License/User's Permit | √ | | √ |
| Smokeless PowderPre-packaged in Cans | √ Type 08 or 11 FFL | | √ | | √ |
| Plastic Explosives | | √ Explosives Importers License/User's Permit | √ | | √ |

import application process – required documentation

| Types of Imported Defense Articles or Action | Initial Form 6 | Second Form 6 | Government Agency Purchase Order/Contract | Original Law Enforcement Letter (original signature) | Penalty of Perjury Certification (original signature REQUIRED) | Foreign Source (original signature ONLY needed for SMCR's) | Identity of Sporting Firearms to Be Manufactured | State Dept. Retransfer Authorization needed with Form 6 |
|---|---|---|---|---|---|---|---|---|
| Sporting Firearms& Sporting Ammunition | √ | | | | | | | |
| Barrels forSporting Firearms | √ | | | | | | | |
| Barrels forNonsporting/NFA Firearms | √ | | √ | | | | | |
| Dual Use(Sporting/Nonsporting) Barrels | √ | | | | | | √ (Model Designations) | |
| Barrels for Surplus Military Firearms | √ | | √ | | | | | |
| Surplus Military Firearms | √ | | √ OR √ * | | √ | √ | | |
| Surplus Military Curio or Relic Firearms | √ | | | | √ | √ Firearm's last 5-Year History | | |
| NFA Dealer Sales | √ | | | √ * * | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Sample(Machineguns only) | | | | | | | | |
| Firearms (Including Frames& Receivers), and Ammunition Into CBW/FTZ | √ | | | | √ Surplus Military Firearms | √ Surplus Military Firearms | | |
| Firearms (Including Frames& Receivers), and Ammunition Removed from CBW/FTZ | | √ | √ OR √ Surplus Military Firearms (other than Curios & Relics) or Nonsporting Firearms & Ammunition | | | | | |
| Nonsporting firearms, Nonsporting Ammunition, and NFA Firearms (Including Machineguns) | √ | | √ OR √ * | | | | | |
| Firearm Barrels,& Rifle & Handgun Component Parts (Excluding Framesor Receivers) Into CBW/FTZ | √ | The removal of firearm barrels from a CBW/FTZ for entry into the U.S. **DOES** require a second approved Form 6. However, ATF **DOES NOT** require a second Form 6 for other firearm component parts, but Customs **MAY** require a second approved Form 6. | | | | | | |
| To be removed from CBW/FTZ | | √ | √ OR √ * * | | | | | |
| U.S. OriginMilitary Defense Articles | √ | Depending on type of U.S. origin military defense articles being imported, additional documentation including the above categories may be required along with the retransfer authorization. | | | | | | √ |

* The required law enforcement demonstration requests documentation for NFA firearms must always include the specific imported firearm by type, caliber, model designation and quantity. Requests to import two or more firearms of a particular model will be approved only if the dealer/importer provides documentation showing bona fide reasons that a single firearm will be insufficient. See **27 CFR §479.105(d); See also ATF Ruling 2002-5; ATF NFA Guidebook.**

** For machineguns classified as a curio or relic, the importer must provide detailed information as to why a particular weapon is suitable for law enforcement purposes, who the expected customers would be, and information as to the availability of firearms to fill subsequent orders. **27 CFR 479.105; See also ATF Rulings 85-2, 2002-5; ATF NFA Guidebook.**

# Types of Forms

Types of Forms

- Applications
- Processing ATF Form 6 Part I
- Processing ATF Form 6A
- Forms Required for Importation
- Sample of Required Forms
- ATF Form 6 Parts I, II, 6NIA & 6A Exemptions

Samples of required forms

**Frequently encountered Forms include:**

- Customs Form 4455 – Resale as a registered importer under the AECA
- ATF F 5330.3A (Form 6, Part I) – Application & Permit for Importation of Firearms, Ammunition & IOW
- ATF F 5330.3B (Form 6, Part II) – Application & Permit for Importation of Firearms, Ammunition & IOW
- ATF F 5330.3C (ATF E Form 6A) – Release & Receipt of Import of Firearms, Ammunition and/or Implements of War
- ATF F 5330.4 (4587) – Application to Register as an Importer of U.S. Munitions Import List Articles

Required Forms Listed Alphanumerically

The forms designated as ATF F can be accessed from the ATF website.
The forms designated as CF, FBI and SS can be accessed from the U.S. Customs Border& Protection website.

| | | |
|---|---|---|
| ATF F 4473 PT.I (5300.9) | CF 19 | CF 3171 |
| ATF F 4473 PT I (SV) (5300.9) | CF 26 | CF 3173 |
| ATF F 4473 PT.II (5300.9) | CF 28 | CF 3229 |
| ATF F 4590 | CF 178 | CF 3299 |
| ATF F 5013.3 (eForm6 Request) | CF 214A | CF 3311 |
| ATF F 5300.11 | CF 214B | CF 3347 |
| ATF F 5300.11a | CF 214C | CF 3347a |
| ATF F 5300.26 | CF 216 | CF 3461 |
| ATF F 5300.27 | CF 226 | CF 3485 |
| ATF F 5300.28 | CF 247 | CF 3495 |

| | | |
|---|---|---|
| ATF F 5300.38 | CF 300 | CF 3499 |
| ATF F 5300.42 | CF 301 | CF 4315 |
| ATF F 5310.12 (Form 7) | CF 339A | CF 4455 |
| ATF F 5310.16 (Form 7CR) | CF 339C | CF 4457 |
| ATF F 5320.1 (Form 1) | CF 339V | CF 4609 |
| ATF F 5320.2 (Form 2) | CF 349 | CF 4790 |
| ATF F 5320.3 (Form 3) | CF 350 | CF 5106 |
| ATF F 5320.4 (Form 4) | CF 400 | CF 5125 |
| ATF F 5320.5 (Form 5) | CF 442 | CF 5523 |
| ATF F 5320.9 (Form 9) | CF 446 | CF 7507 |
| ATF F 5320.10 (Form 10) | CF 449 | CF 7509 |
| ATF F 5320.20 | CF 450 | CF 7512 |
| ATF F 5330.3A (Form 6 Part I) | CF 1300 | CF 7512A |
| ATF F 5330.3B (Form 6 Part II) | CF 1302 | CF 7512B |
| ATF F 5330.3D (Form 6 NIA) | CF 1302A | CF 7514 |
| ATF F 5330.4 ( 4587) | CF 1303 | CF 7523 |
| ATF F 5330.20 | CF 1304 | CF 7533 |
| ATF F 5400.4 | CF 1400 | CF 7551 |
| ATF F 5400.5 | CF 1401 | CF 7552 |
| ATF F 5400.8 | CF 3078 | CF 7553 |
| ATF F 5400.13 | CF 3124 | FBI FD-258 |
| ATF F 5400.21 | CF 3124E | SS-4 |
| ATF F 5400.28 | | |
| ATF F 5400.29 | | |

ATF Internet

# Types of Forms

Types of Forms

- Applications
- Processing ATF Form 6 Part I
- Processing ATF Form 6A
- Forms Required for Importation
- Sample of Required Forms
- ATF Form 6 Parts I, II, 6NIA & 6A Exemptions

ATF Form 6 Parts I, II, 6NIA & 6A Exemptions

1. No approved ATF Form 6 is required to import any antique firearm, as that term is defined in the GCA and the NFA. 27 CFR 578.115(c).

   ***NOTE:** you may need to supply proof to Customs to establish that a certain firearm, which is not marked as being manufactured in or before 1898 is an antique firearm as defined in Federal law.*

2. Importations by agencies of United States Government are exempt from ATF's import controls and permit requirements. 27 CFR 478.141(a)(1); 27 CFR 447.53.(a)(1).
3. The importation of components for items being manufactured under contract for the Department of Defense is exempt from the import permit and registration requirements of 27 CFR Part 447. 27 CFR 53(a)(2). See also 27 CFR 447.53(b)
4. The importation of articles (other than those which would be "firearms" as defined in 18 U.S.C. 921(a)(3) manufactured in foreign countries for persons in the United States pursuant to Department of State approval is exempt from the import permit and registration requirements . 27 CFR 447.52(a)(3). See also 27 CFR 447.53(b).
5. Pursuant to 27 CFR 447.41(c), an import permit is not required for the importation of –

   The U.S. Munitions Import List articles from Canada, except articles enumerated in Categories I, II, III, IV, VI(e), VIII(a), and XX, and

   Nuclear weapons strategic delivery systems and all specifically designed components, parts, accessories, attachments, and associated equipment thereof (see Category XXI), or

   Minor components and parts for Category I(a) and I(b) firearms except barrels, cylinders, receivers (frames) or complete breech mechanisms, when the total value does not exceed $100 wholesale in any single transaction.

6. The return of U.S. goods by the person who exported/took them out of the United States.27 CFR 478.115(a).
7. Foreign military personnel on official assignment to the U.S. who bring firearms or ammunition into the U.S. for their exclusive use while on official duty in the U.S. (excluding NFA weapons). 27 CFR 478.115(d)(2)
8. Official representatives of foreign governments who are accredited to the U.S. government or are en route to or from other accredited countries (excluding NFA weapons). 27 CFR 478.115(d)(3)

9. Officials of foreign governments and distinguished foreign visitors who have been so designated by the Department of State (excluding NFA weapons). 27 CFR 478.115(d)(4).
10. Foreign law enforcement officers of friendly foreign governments entering the U.S. on official law enforcement business (excluding NFA weapons). 27 CFR 478.115(d)(5).
11. Sporting shotgun parts other than firearm frames or receivers or barrels.
12. Air guns, pellet guns, starter guns and flare guns provided they are not firearms as defined in **18 U.S.C. § 921(a)(3)** and do not have tear gas dissemination capability.
13. Firearm accessories such as gun cases, slings, and cleaning kits.

ATF Internet

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

# ATF Guidebook - Importation & Verification of Firearms, Ammunition, and Implements of War

## General Information

# Types of Importers

The commercial importation of firearms, ammunition and implements of war for commercial purposes is generally done by a Type 08 or Type 11 Federal Firearms Licensee (FFL) who must also be registered with ATF under the Arms Export Control Act (AECA). The commercial importation of sporting shotguns, sporting shotgun parts, and ammunition for sporting shotguns is exempt from the registration requirements of the AECA. Listed below are those who may engage in importation activities.

Licensed Importer

A holder of a Type 08 or Type 11 FFL and AECA registration. A licensed importer may obtain an approved ATF Form 6 (Part I) import permit to import sporting firearms, sporting ammunition, surplus military rifles and shotgun, and surplus military curio or relic handguns that meet the sporting criteria for on ATF Form 4590, for commercial purposes. Firearms imported by a licensed importer must be marked in accordance with the provisions of 18 U.S.C. § 923(i) and 27 CFR § 478.92 (also see Marking Requirements in this guide)

Licensed Dealer, Pawnbroker & Manufacturer

A holder of a Type 01, Type 02, or Type 07 FFL respectively. A licensed dealer, pawnbroker or firearms manufacturer may occasionally obtain an approved ATF F 6 (Part I) import permit to import firearms and ammunition for his or her own use, for repair, or as the import agent for a specific customer. A licensed dealer, pawnbroker or firearms manufacturer may not import firearms or ammunition for resale or other commercial purposes. **18 U.S.C. § 922(a)(1)(A).**

Licensed Collector

A holder of a Type 03 FFL. A licensed collector may obtain an approved ATF F 6 (Part I) import permit to import rifles and shotguns, other than surplus military rifles and shotguns, which have been classified as curio or relics, for their personal collection. A licensed collector may also import a handgun, other than a surplus military handgun, which has been classified as curio or relic. for their own personal collection provided the handgun meets the sporting criteria for on ATF Form 4590.

Registered Importer

Any person registered with ATF as an importer of U.S. Munitions Import List Articles pursuant to ATF Form 4587. A registered importer may import articles enumerated on the U.S. Munitions Import List (USMIL) into the United States for commercial purposes pursuant to an approved ATF Form 6. If the articles sought for importation for are also subject to the import controls of the Gun Control Act (GCA) (e.g., firearms, firearm barrels, ammunition, and/or the National Firearms Act (NFA) (e.g, machineguns, silencers, etc,) the importer would also need to hold a Type 08 or 11 Federal Firearms License under the GCA and pay Special (occupational) tax under the NFA.

Non-Licensed Resident of the U.S.

Any person residing in the U.S. who does not hold an FFL. A non-licensed resident of the U.S may obtain an approved ATF F 6 (Part I) import permit to import sporting ammunition for his or her own use but not for resale or other commercial purpose. However, a non-licensed resident of the U.S. may not obtain an approved ATF Form 6 import permit to import nonsporting ammunition or any firearm. Any non-licensee who desires to import a firearm into the U.S. must have the firearm imported on his or her behalf by a qualified FFL, and the subsequent transfer of the firearm to the non-licensee must be in compliance with Federal, State and local law.

Non-Licensed, Non-Resident U.S. Citizen

A U.S. Citizen who lives abroad. A non-licensed U.S. citizen, who lives abroad and intends to return to the U.S. with sporting firearms, sporting ammunition or certain implements of war (e.g., firearm component parts) acquired while outside the U.S., may obtain an approved ATF F 6 (Part I) import permit to import sporting firearms and ammunition into the U.S. **prior to his or her return to the U.S.** for his or her own personal use.

U.S. Military Personnel

Members of the U.S. armed forces. A member of the U.S. armed forces who is on active duty outside the U.S. or who has been on active duty outside the U.S within the 60-day period immediately preceding the intended importation, may obtain an approved ATF Form 6 (Part II) import permit to import sporting firearms and ammunition to his or her place of residence for his or her own personal use. **18 U.S.C. 925(a)(4).**

Alien

A foreign national. An alien entering the U.S. to establish residency may obtain an approved ATF F 6 (Part I) import permit, prior to the date U.S. residency is established (90 days after his or her date of arrival in the U.S.) to import sporting firearms, sporting ammunition, and certain implements of war (e.g., firearm component parts). The items approved for importation must accompany the alien or be contained in his or her shipment of personal effects. **18 U.S.C. 922 (d)(3).**

Non-Immigrant Alien

A foreign national temporarily in the U.S. A non-immigrant alien may obtain an approved ATF F 6 (NIA) to temporarily import firearms and ammunition (other than firearms subject to the controls of the National Firearms Act (NFA) for lawful hunting activities, to attend a qualified shooting event, or for exhibition at a qualified trade show. The event or trade show must be sponsored by a national, State or local firearms organization devoted to the collection, competitive use, or other sporting use of firearms. The non-immigrant alien must attach to his or her Form 6 (NIA) permit application, as appropriate, a copy of a valid hunting license or permit issued to him or her by a jurisdiction within the U.S., a copy of his or her invitation to participate in a qualified hunting or shooting event, or a copy of his or her reservation for exhibiting at a qualified trade show. An approved Form 6 (NIA) will be valid for a period not to exceed 12 months, and may be used for multiple, temporarily importations of any or all of the items listed on the approved Form 6 (NIA) during that 12-month period. If the Form 6 (NIA) permit application approved by ATF was supported by attaching a copy of a qualified hunting license or permit, the non-immigrant alien will need to present both the approved Form 6 (NIA) **and** a valid, qualified hunting license or permit to U.S. Customs and Border Protection (CBP)

officials at the time of each entry into the U.S. If the Form 6 (NIA) permit application was supported by attaching copies of more than one invitation or reservation to participate in qualified shooting competitions or exhibit at qualified trade shows, the non-immigrant alien may present the approved Form 6 (NIA) to CBP officials for multiple entries into the U.S., the number of which will be limited to the number of such documents attached to his or her approved import permit. **18 U.S.C. 922(g)(5).**

For additional information on the importation of firearms and ammunition by foreign nationals, please go to Subsection R of the Question and Answer Section of ATF P 5300.4, Federal Firearms Regulations Reference Guide (9/2005).

ATF Internet

# Sales and/or Sales Samples of Certain Firearms, Ammunition and Firearm Barrels

## Sales to Law Enforcement and Government Agencies

NOTE: Law enforcement and government entities are authorized to import and/or receive firearms, firearm barrels and ammunition classified as:

- Nonsporting firearms and NFA Firearms such as machineguns, silencers, short-barreled shotguns and rifles, destructive devices and firearms identified as any other weapons
- Surplus military firearms (other than those classified as curios or relics)
- Barrels for surplus military firearms and nonimportable firearms
- Tracer or incendiary ammunition
- Ammunition for destructive devices
- Armor piercing ammunition

Generally, importers are prohibited from importing the articles listed above for placement into his or her general warehouse or normal place(s) of storage unless the importer has attached to his or her ATF Form 6 import permit application specific documentation demonstrating that the articles are entering into the commerce of the United States for an authorized purpose. **18 U.S.C. § 921(d)(3), 922(o), and 26 U.S.C. § 5844**. Importers desiring to store any of these articles at a location within the United States who cannot attach such documentation to their Form 6 application may, however, submit an ATF Form 6 import permit application seeking authorization to place the articles into a qualified Customs Bonded Warehouse (CBW) or Foreign Trade Zone (FTZ). The importers must clearly state in Item 10 of their Form 6 application that the listed articles are to be entered into a CBW or FTZ by referencing its identity/number and address of the CBW or FTZ into which the articles will be placed. If the articles sought for importation are surplus military firearms surplus military ammunition, or firearm or ammunition components of U.S. origin, importers must attach to their Form 6 application written retransfer authorization from the U.S. Department of State. If any of these articles were provided to a foreign government under a Military Assistance Program, the written retransfer authorization must be issued by the Office of Regional Security and Arms Transfer Policy (RSAT) within the Department of State. If any of these articles were provided to a foreign government under a Foreign Military Sales program, the written retransfer authorization must be issued by the Directorate of Defense Trade Controls (DDTC) within the Department of State. If the required written retransfer authorization is not attached to such a Form 6 application, the Forms 6 will be returned to the applicants without action. You may contact the RSAT office at (202) 647-9750, or DDTC at (202) 663-1282.

After their placement into a CBW or FTZ, an importer desiring to subsequently withdraw these articles for entry into the United States must submit a second ATF Form 6 seeking authorization to withdrawal for entry into the United States. The importer must, in Item 10 of the Form 6, reference the permit number of the approved Form 6 under which the articles were placed into the CBW or FTZ, and the specific purpose of importation.

### Nonsporting and NFA Firearms

Importers seeking to withdraw nonsporting or NFA firearms from a CBW or FTZ must indicate in Item 10 of the Form 6 that the firearms sought for importation are to be removed from the CBW or FTZ:

- for sale to a law enforcement or government agency. Importers seeking to withdraw nonsporting or NFA firearms from a CBW or FTZ must attach to the Form 6 a purchase order from a law enforcement or government agency, or a copy of a government contract, referencing the firearms sought for importation
- for use as a sales sample by a licensed special (occupational) taxpayer (NFA firearms only). See “Sales Samples (NFA Firearms Only)” below for documentation requirements
- for scientific testing or research purposes (machineguns may not be imported for scientific testing research purposes). Importers must attach to the Form 6 a detailed written description of the scientific testing or research to be performed.

### Surplus Military Firearms

Surplus military firearms which have **NOT** been classified as curios or relics may be imported only for sale to a law enforcement or government agency. Importers seeking to withdraw surplus military firearms from a CBW or FTZ must attach to the Form 6 a purchase order from a law enforcement or government agency, a copy of a government contract, referencing the firearm sought for importation.

### Barrels for Surplus Military Firearms and Nonimportable Firearms

Barrels of **all** surplus military firearms, including barrels for surplus military NFA firearms, may only be imported for sale or other disposition to a law enforcement or government agency. Importers seeking to withdraw barrels of surplus military firearms from a CBW or FTZ must attach to the Form 6 a purchase order from a law enforcement or government agency, or a copy of a government contract, referencing the barrels sought for importation.

Barrels of nonimportable firearms that are not surplus military firearms may be imported for sale or other disposition to a to a law enforcement or government agency. Importers must attach to the Form 6 a purchase order from a law enforcement or government agency, or a copy of a government contract, referencing the barrels sought for importation. Further, such barrels that may be used in the assembly of importable and nonimportable firearms may also be imported:

- for use in the assembly of importable firearms. The importer must specify in Item 10 of the Form 6 the specific model designation(s) of the importable firearms the barrels will be used to assemble
- for resale to third parties. The importer must state in Item 10 of the Form 6 that the purchaser has or will be advised that the barrels may only be used in the assembly of importable firearms and must list the models for which the barrels will be sold

### Tracer or Incendiary Ammunition

Tracer or incendiary ammunition may be imported:

- for sale or other distribution to a law enforcement or government agency. Importers seeking to withdraw tracer or incendiary ammunition must attach to the Form 6 a purchase order from a law enforcement or government agency, or a copy of a government contract, referencing the ammunition sought for importation

- for scientific testing or research purposes. Importers must attach to the Form 6 a detailed written description of the scientific testing or research to be performed)

### Ammunition for Destructive Devices

Ammunition for destructive devices may be imported by a Type 11 FFL:

- for sale or other distribution to a law enforcement or government agency. Importers seeking to import ammunition for destructive devices must attach to their Form 6 a purchase order from a law enforcement or government agency, or a copy of a government contract, referencing the ammunition sought for importation
- for scientific testing or research purposes. Importers must attach to the Form 6 a detailed written description of the scientific testing or research to be performed)

### Armor Piercing Ammunition

Armor piercing ammunition may be imported by a Type 11 FFL:

- for sale or other distribution to a law enforcement or government agency. Importers seeking to import armor piercing ammunition must attach to their Form 6 a purchase order from a law enforcement or government agency, or a copy of a government contract, referencing the ammunition sought for importation
- for scientific testing or research purposes. Pursuant to **27 CFR § 478.149**, an importer may sell or otherwise distribute armor piercing ammunition to any person intending to use armor piercing ammunition for scientific testing or research purposes when that person has provided the importer with a copy of their written approval from ATF authorizing them to procure the armor piercing ammunition for such purposes. The importer must attach a copy of ATF's approval to his Form 6 application.

### National Firearms Act Sales Samples

Licensed firearms importers who have paid special (occupational) tax (SOT) may import NFA firearms themselves and for sale or distribution to licensed firearms dealers who have paid SOT, for use as sales samples pursuant to the provisions of **27 CFR §§ 479.105(d) and 479.112(d)**, and ATF Rulings 85-2 and 2002-5.

### Dealer Sales Samples of Machineguns. 27 CFR § 479.105(d)

Applications to transfer and register a machinegun manufactured or imported on or after May 19, 1986, to dealers qualified under this part will be approved if it is established by specific information the expected governmental customers who would require a demonstration of the weapon, information as to the availability of the machinegun to fill subsequent orders, and letters from governmental entities expressing a need for a particular model or interest in seeing a demonstration of a particular weapon. Applications to transfer more than one machine gun of a particular model to a dealer must also establish the dealer's need for the quantity of samples sought to be transferred.

Pursuant to the above section of regulations, applications to transfer and register machineguns manufactured or imported on or after May 19, 1986, to qualified firearms dealers will be approved if:

- Letterhead documentation signed by the law enforcement or government agency official having jurisdiction over the particular area and current, expressing an interest in seeing a demonstration of the particular firearm is attached to the Form 6. The required documentation must specifically identify the firearm by type, caliber, model designation, if any, and serial number, if known,
- Information that additional quantities of the specific firearm are available to fill future orders is attached to the Form 6,
- The firearm sought for use as a sales sample is not presently in the requestor's inventory,
- Documentation clearly establishing the need for more than one of a particular type, caliber, or model firearm as a sales sample is attached to the Form 6. See ATF Ruling 2002-5 reprinted below for more information and guidance, and/or
- A copy of the special (occupational) tax stamp of the dealer attempting to acquire the sales sample is attached to the Form 6.

Registration of Imported Firearms. 27 CFR § 479.112(d)

An application, Form 6, to import a firearm by an importer or dealer qualified under this part, for use as a sample in connection with sales of such firearms to Federal, State or local governmental entities, will be approved if it is established by specific information attached to the application that the firearm is particularly suitable for use by such entities. Such information must show why a sales sample of a particular firearm is suitable for such use and the expected governmental customers who would require a demonstration of the firearm. Information as to the availability of the firearm to fill subsequent orders and letters from governmental entities expressing a need for a particular model or interest in seeing a demonstration of a particular firearm would establish suitability for governmental use. Applications to import more than one firearm of a particular model for use as a sample by an importer or dealer must also establish the importer's or dealer's need for the quantity of samples sought to be imported.

Generally, importers of NFA firearms must:

- Complete ATF Form 6A in duplicate, with Section 1 completed, presenting the original copy to CBP at the time of release; complete Section III of the duplicate copy and send it to ATF within 15 days of release from CBP custody
- Ensure the firearms are marked in accordance with the provisions of **27 CFR § 478.92** and **27 CFR § 479.102** within 15 of their release form CBP custody
- Prepare and submit ATF Form 2 the National Firearms Act Branch within 15 days of release from CBP custody
- Enter the firearms into the records prescribed in Subpart H of 27 CFR Part 478.

Curio or Relic Sales Samples

Generally, importers seeking to import NFA firearms that are curios or relics as sales samples must clearly establish that the curio or relic NFA firearms sought for importation are particularly suitable for use as a law enforcement weapon. See ATF Ruling 85-2 below for more information and guidance.

Import permit applications cannot be approved unless accompanied by:

- Documentation signed by you, the importer, providing additional information, such as the expected customers who would require a demonstration of the NFA firearm, and the availability of additional firearms to fill future orders
- Letterhead documentation signed by the law enforcement or government agency official having jurisdiction over the particular area, expressing an interest in seeing a demonstration of the particular firearm. The required documentation must specifically identify the firearm by type, caliber, model designation, if any, and serial number, if known. Such documentation must also establish by detailed and specific information as to why the particular firearm is particularly suitable for use as a law enforcement weapon.

**NOTE:** ATF reserves the right to determine whether documentation submitted with the import permit application is acceptable, and to require the submission of additional documentation when deemed necessary. Personnel from the Firearms and Explosives Imports Branch may contact the law enforcement or government agency signatory to confirm the authority of the official, the validity of the official's signature, and/or the validity of the supporting documentation.

ATF Ruling 85-2

The Bureau of Alcohol, Tobacco and Firearms has approved a number of applications to import National Firearms Act (NFA) firearms for the use of registered importers to generate orders for such firearms from law enforcement agencies.

A review of the characteristics of NFA firearms approved for importation as sales samples indicates that some of the firearms are not being imported for the purpose comtemplated by the statute. Some of the NFA firearms imported are, in fact, curios and relics and are more suitable for use as collector's items than law enforcement weapons.

Importations of NFA firearms are permitted by 26 U.S.C. § 5844, which provides in pertinent part:

"No firearms shall be imported or brought into the United States or any territory under its control or jurisdiction unless the importer establishes under the regulations as may be prescribed by the Secretary, that the firearm to be imported or brought in is:

1. being imported or brought in for the use of the United States or any department, independent establishment, or agency thereof or any State or possession or any political subdivision thereof, or
2. ***
3. being imported or brought in solely for use as a sample by a registered importer or registered dealer;

except that, the Secretary may permit the conditional importation or bringing in of a firearm for examination and testing in connection with classifying the firearm."

The sole purpose of the statute permitting the importation of NFA firearms as sales samples is to permit registered importers to generate orders for firearms from government entities, primarily law enforcement agencies on the basis of the sample.

The implementation of regulation, 27 CFR Section 179.111*, provides that the person importing or bringing in a firearm into the United States or any territory under its control or jurisdiction has the burden of proof to affirmatively establish that the firearm is being imported

or brought in for one of the authorized purposes. In addition, a detailed explanation of why the importation falls within one of the authorized purposes must be attached to the application to import. The mere statement that an NFA firearm is being imported as a sales sample for demonstration to law enforcement agencies does not meet the required burden of proof and is not a detailed explanation of why the importation falls within the import standards.

**Held**, an application to import a National Firearms Act firearm as a sample in connection with sales of such firearms to law enforcement agencies will not be approved if the firearm is determined to be a curio or relic unless it is established by specific information that the firearm is particularly suitable for use as a law enforcement weapon. For example, the importer must provide detailed information as to why a sales sample of a particular weapon is suitable for law enforcement purposes and the expected customers who would require a demonstration of the weapon. Information as to the availability of firearms to fill subsequent orders would help meet the burden of establishing use as a sales sample. Also, letters from law enforcement agencies expressing a need for a particular model or interest in seeing a demonstration of a particular firearm would be relevant.

ATF Ruling 2002-5

The Bureau of Alcohol, Tobacco and Firearms (ATF) has received inquiries from dealers in machineguns concerning the justification necessary to obtain more than one machinegun of a particular model as dealer sales samples. Specifically, the inquiries are from machinegun dealers who demonstrate machineguns to large police departments and Special Weapons and Tactics (SWAT) teams, which requires the firing of thousands of rounds of ammunition during a single demonstration. Section 922(o) of Title 18, United States Code, makes it unlawful for any person to transfer or possess a machinegun, except a transfer to or by or under the authority of the United States or any department or agency thereof or a State or a department, agency, or political subdivision of; or any lawful transfer or lawful possession of a machinegun lawfully possessed before May 19, 1986.

The regulations in 27 CFR 179.105(d)* provide that applications to register and transfer a machinegun manufactured or imported on or after May 19, 1986, to dealers registered under the National Firearms Act (NFA), 26 U.S.C. Chapter 53, will be approved if three conditions are met. The conditions required to be established include (1) a showing of the expected government customers who would require a demonstration of the weapon; (2) information as to the availability of the machinegun to fill subsequent orders; and (3) letters from government entities expressing a need for a particular model or interest in seeing a demonstration of a particular weapon. The regulation further provides that applications to transfer more than one machinegun of a particular model must also establish the dealer's need for the quantity of samples sought to be transferred.

The dealer sales sample regulation in section 179.105(d) is a narrow exception to the general prohibition on possession of post-1986 machineguns imposed by section 922(o). It requires that dealers submit letters of interest from law enforcement agencies to ensure that dealers possess post-1986 machineguns only for the purposes permitted by law, i.e., for sale or potential sale to government agencies.

Qualified dealers in machineguns often demonstrate weapons to all officers of the department, requiring the machinegun to fire thousands of rounds of ammunition during a single demonstration. In the case of new model machineguns, a department may wish to have thousands of rounds fired from the weapon before they are fully satisfied of its reliability. ATF

is aware that after firing hundreds of rounds a machinegun often gets too hot to safely handle, resulting in the dealer's inability to demonstrate the weapon until it cools. In addition, it is not uncommon for machineguns to jam or misfeed ammunition after a large quantity of ammunition has been fired. Accordingly, dealers who demonstrate machineguns to departments with a large number of officers have asked that ATF approve the transfer of two (2) machineguns of each model as dealer sales samples.

The purpose of the dealer sales sample provision is to permit properly qualified dealers to demonstrate and sell machineguns to law enforcement agencies. Neither the law nor the implementing regulations were intended to impose unnecessary obstacles to police departments and other law enforcement agencies in obtaining the weapons they need to carry out their duties. Accordingly, if a dealer can provide documentation that the dealer needs to demonstrate a particular model of machinegun to an entire police department or SWAT team, ATF will approve the transfer of two (2) machineguns of that model to the dealer as sales samples.

This ruling should not be interpreted to imply that under no circumstances may a Federal firearms licensee (FFL) receive more than two (2) machineguns as sales samples. Consistent with past practice, an FFL who can show a bona fide reason as to why they need more than two (2) machineguns, may be able to receive more than two (2) if the request is accompanied by specific documentation.

Held, applications to transfer two (2) machineguns of a particular model to a Federal firearms licensee as sales samples will be approved if the dealer provides documentation that the dealer needs to demonstrate the machinegun to all the officers of a police department or the department's SWAT team or special operations team. An FFL who offers other bona fide reasons for their need for two (2) or more machineguns may get more than two (2) with specific documentation.

Date signed: September 6, 2002

* Current regulation is in Part 479, not 179.

ATF Internet

# Import Activities in Foreign Trade Zones & Custom Bonded Warehouses

### Foreign Trade Zones

Visit the Foreign Trade Zone Link.

A Foreign Trade Zone (FTZ) is a secure area located in or near U,S. Customs and Border Protection (CBP) ports of entry, but are legally considered to be outside the CBP territory for the purpose of tariff laws and CBP entry procedures. FTZ designated areas are the U.S. version of are known internationally as *Free Trade Zones*.

- Foreign and domestic merchandise may be moved into an FTZ for operations, not otherwise prohibited by law, including storage, exhibition, assembly, and processing. All FTZ activity is subject to public interest review. An FTZ site is subject to the laws and regulations of the U.S. as well as those of the state and local community in which it is located.
- Authority for establishing an FTZ facility is granted by the Foreign Trade Zone Board under the Foreign Trade Zone Act of 1934, as amended. **19 U.S.C. § 81a-81u**. The Foreign Trade Zone Act is administered through two sets of regulations, the Foreign Trade Zone regulations (**15 CFR, Part 400**) and CBP regulations (**19, CFR, Part 146**). The Executive Secretariat of the Board is located within the Import Administration of the U.S. Department of Commerce in Washington, DC.

### Customs Bonded Warehouse

A Customs Bonded Warehouse (CBW) is a building or stipulated secure area in which dutiable goods may be stored without payment of duty. The authority to establish a CBW is set forth in **19 U.S.C. § 1555**. Bonded manufacturing and smelting and refining warehouses are established under **19 U.S.C. §§ 1311 and 1312**.

Upon entry of goods into the CBW, the importer and warehouse proprietor incur liability under a bond. This liability is generally canceled when the goods are

- Exported or deemed exported
- Withdrawn for supplies to a vessel or aircraft involved in international traffic
- Destroyed under CBP supervision
- Withdrawn for consumption within the U.S. after payment of duty.

### FTZ/CBW Import Permit Application Requirements and Processing Procedures

When an importer submits an ATF Form 6 import permit application seeking authority to enter firearms, ammunition or other implements of war into an FTZ or CBW, the application will be conditionally approved, and a letter outlining the procedures to be followed.will be attached to and made a part of the approved ATF Form 6 import permit. The approved ATF Form 6 imports permit must then be presented to CBP port officials to secure permission to move the articles into the FTZ or CBW. **Please note that the law provides that the period of storage within a CBW may not exceed 5 years.**

An importer who wishes to withdraw firearms, ammunition, and/or other implements of war from am FTZ or CBW, must submit an ATF Form 6 requesting authority to remove the articles from the FTZ or CBW. Such applications will be processed in accordance with pertinent import provisions of the Gun Control Act, the National Firearms Act and/or the Arms Export Control Act.

Firearms, ammunition and other defense articles are frequently placed into an FTZ or CBW in order to either delay the payment of import duty or to store the articles pending subsequent withdrawal for export or entry into the U.S. Often, the entry of the firearms or ammunition placed into an FTZ or CBW for storage is restricted by law. For example, ATF can only approve the entry of machineguns or other weapons subject to the NFA, nonsporting firearms and nonsporting ammunition into the U.S:

- For sale to a qualified law enforcement or government agency
- For use as a model or sales sample (NFA weapons only)
- For use is scientific testing or research (except machineguns)

## international Import Certificates

The International Import Certificate (IIC), Form BXA-645/ATF-4522/DPS-53) was adopted as part of an agreement between the U.S. Department of Commerce, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and the U.S. Department of State to facilitate international cooperation in export control matters and to create a standardized method f control. When an importer submits an IIC form to ATF, it is usually submitted in together with an ATF Form 6 import permit application. If the ATF Form 6 application is approved, the IC will also be processed by ATF, and it will bear the same control number assigned to the corresponding approved ATF Form 6. However, an importer may also request that ATF process an IIC submitted for commodities that are subject to ATF’s import controls but do not require an approved ATF Form 6 import permit for entry into the U.S. (e.g., dynamite) . Please note that, unlike an approved ATF Form 6, which is valid for 12 months, an IIC is valid for only 6 months, and the importer may need to request a second IIC if the articles listed on the ATF Form 6 will not be imported during the first 6 months of the permit’s life.

ATF Internet

# Surplus Military

A surplus military firearm is defined as any firearm that belonged to a regular or irregular (e.g., militia) military force at any time. With limited exceptions, as discussed below, surplus military firearms and ammunition can only be imported by or for the official use of law enforcement or government entities. **18 U.S.C. § 925(a)(1)**.

## Surplus Military Curio or Relic Firearms

A surplus military curio or relic (SMCR) firearm is any firearm that at any time belonged to a regular or irregular military, **and** one that also meets the definition of a curio or relic firearm. The regulations at **27 CFR § 478.11** define curio or relic firearms as:

> Firearms which are of special interest to collectors by reason of some quality other than is associated with firearms intended for sporting use or as offensive or defensive weapons. To be recognized as curios or relics, firearms must fall within one of the following categories:
>
> (a) Firearms which were manufactured at least 50 years prior to the current date, but not including replicas thereof;
> (b) Firearms which are certified by the curator of a municipal, State, or Federal museum which exhibits firearms to be curios or relics of museum interest; and
> (c) Any other firearms which derive a substantial part of their monetary value from the fact that they are novel, rare, bizarre, or because of their association with some historical figure, period, or event. Proof of qualification of a particular firearm under this category may be established by evidence of present value and evidence that like firearms are not available except as collector's items, or that the value of like firearms available in ordinary commercial channels is substantially less.

## ATF Ruling 80-8

The provisions of ATF Ruling 80-8 provide that an application for a permit to import a surplus military firearm or nonsporting firearm or ammunition may be approved by ATF **if** the application is supported by:

- An original purchase order from a law enforcement or government agency specifically describing the surplus military firearms or nonsporting firearms (manufacturer's name and address, type, caliber or gauge, model designation, quantity, and serial numbers, if known) or nonsporting ammunition (manufacturer's name and address, type, and caliber or gauge, quantity); and/or
- A letter prepared by an official of a bona fide law enforcement or government agency, on agency letterhead, signed by the chief law enforcement officer (CLEO), such as the chief of police, sheriff, commander, etc, or other officially designated employee having the authority to procure firearms or ammunition on behalf of the agency, stipulating that the firearms and/or ammunition are being purchased by the agency with agency funds for departmental inventory. The letter must specifically describing the surplus military

firearms or nonsporting firearms (manufacturer's name and address, type, caliber or gauge, model designation, quantity, and serial numbers, if known) or nonsporting ammunition (manufacturer's name and address, type, and caliber or gauge, quantity)

Pursuant to the provisions of **18 U.S.C. § 925(e)**, a Type 08 or 11 FFL may import SMCR firearms into the United States pursuant to an approved ATF Form 6 import permit. When seeking a permit to import a SMCR firearm, a licensed importer must attach the following documentation to his or her ATF Form 6 application:

- Original documentation (such as warehouse receipts or other documents which provides the required history of storage) attesting to where the firearm has been located for the five-year period immediately preceding importation. The firearm cannot have been in a proscribed country or area at any time during that five-year period. 27 CFR § 447.52(e)(2). The importer should obtain this documentation from the foreign source (foreign seller, family member, etc.) of the firearm.

  Example of Foreign Source Document Language:

  "I (insert name of foreign source) attest that I have possessed the (insert the specific firearm by manufacturer's name and address, type, caliber, model designation, and serial number if known) as described in items 8(a)-(k) on the completed ATF Form 6) in (insert the name of the country in which the firearm was stored) since (insert date acquired)."
- If the SMCR firearm to be imported was manufactured in a proscribed country or area, original documentation attesting that the firearm was manufactured in that country or area prior to date, as established by the Department of State, the country or area became proscribed. **27 CFR § 447.52(e) (1)**.
- A statement from you, the applicant, executed under the penalty of perjury, certifying that the Form 6 application, and all documents attached to it, are true, correct and complete.

  Suggested Language of Importer's Certification

  "I declare under the penalty of perjury that this application, and all documents attached thereto, have been examined by me and to the best of knowledge and belief, are true and correct."

Surplus Military, U.S-Origin

In November 1998, the Department of State directed ATF in writing to deny all applications to import U.S.-origin, surplus military firearms, firearm parts, ammunition, and other defense articles identified by the Department of State as significant military equipment (SME) (e.g., aircraft, military vehicles, etc.) unless the applicant has attached to his or her application a copy of the written retransfer authorization, issued by the Department of State, authorizing the foreign supplier to transfer the articles to the applicant. However, should the applicant fail to attach a copy of the required written retransfer authorization to your application, by virtue of statutory language enacted in 2003, ATF cannot take any action to deny his or her application. As a result, applications for permits to import such articles of U.S-origin will be returned to the applicant without action unless a copy of the required retransfer authorization specific to the articles sought for importation is attached to the permit application.

ATF Internet

# Firearms and Ammunition Excise Tax (FAET)

> **NOTE:** NOTE: ATF no longer administers the Firearms and Ammunition Excise Tax (FAET) provisions of law. That authority rests with the Alcohol and Tobacco Trade Bureau (TTB) within the U.S. Dept. of Treasury. Accordingly, the following information is provided to help increase importers' awareness of the tax and their possible liability for the tax depending on the nature of their operations.

## Background

First imposed on February 25, 1919, **Section 4181 of the Internal Revenue Code** imposes an excise tax on imported firearms and ammunition when the importer sells or uses the firearms or ammunition (FAET). A tax if 10 percent of the sales price is imposed on pistols and revolvers, and a tax of 11 percent of the sales price is imposed on other portable weapons (e.g., rifles and shotguns) and ammunition. The excise tax is not imposed again unless the firearms and ammunition are further manufactured. At one time, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) was responsible for collecting FAET. However, since January 2003, this responsibility rests with the Alcohol and Tobacco Tax and Trade Bureau (TTB), U.S. Dept. of Treasury.

## Who is Liable for FAET

Under most circumstances, the person who causes and directs the importation of the firearms and/or ammunition will be liable for the FAET. For the purposes of FAET, the importer is any person who imports firearms or ammunition (shells or cartridges) into the U.S., or who withdraws such articles from an FTZ or CBW for sale or use in the U.S.

## Exemptions

There are certain situations where the importation of firearms or ammunition may be exempt from FAET. Information regarding these exemptions may be obtained at www.ttb.gov/fet/index.htm or by contacting TTB's National Revenue Center (see below).

## Taxable Activities

Any activity conducted in the course of trade or business that would require an FAET tax return, ATF Form 5300.35, Federal Firearms and Ammunition Excise Tax Return, may require the importer to make a deposit in addition to the need to file an ATF F 5300.35. Refer to ATF Form 5300.27, Federal Firearms Ammunition Excise Tax Deposit, for further information on when a deposit is required.

## FAET Inquiries

For further information concerning FAET, please contact TTB's Firearms and Ammunition Excise Tax Unit within their National Revenue Center.

8002 Federal Office Building
550 Main Street,
Cincinnati, OH 45202

1-800-398-2282
1-513-684-3817
ttbquestions@ttb.gov
ATF Internet

# Recordkeeping Requirements

Applicable Recordkeeping Regulations -

**- 27 CFR 447, Subpart D - Registration**
- **27 CFR 478, Subpart H - Records**
- **27 CFR 479, Subpart I - Records and Returns**

27 CFR 447, Subpart D - Recordkeeping Requirements for Registered Importers of U.S. Munitions Import List (USMIL) Articles:

- **Articles regulated by 27 CFR Parts 478 and 479**. The provisions of **27 CFR § 447.34 (a)** directs registered importers engaged in the business of importing articles subject to the controls of 27 CFR, Parts 478 and 479 to maintain records in accordance with the applicable provisions of those parts and for the period of time prescribed
- **All other USMIL defense articles**. Under **27 CFR § 447.34(b)**, registered importers engaged in the business of importing defense articles listed on the USMIL subject to the permit requirements of Subpart E of Part 447 must maintain for a period of 6 years, records bearing on such articles imported, including records concerning their acquisition and disposition, including ATF Forms 6 and 6A, unless a longer or shorter period of time is prescribed by an appropriate ATF officer.

27 CFR Part 478, Subpart H - Recordkeeping Requirements for Type 08 and 11 FFLs

- **Records to be maintained on the license premises. 27 CFR § 478.121(a)** requires licensed importers to retain the records pertaining to firearms transactions prescribed by Part 478 on their licensed premises for the length of time prescribed by **27 CFR § 478.129**. *See below*. The records pertaining to ammunition prescribed by Part 478 shall be retained on the licensed premises in the manner prescribed by **27 CFR § 478.125**.
- **Right of entry. 27 CFR § 478.121(b)** provides that an ATF officer may, for the purposes and under the conditions prescribed in **27 CFR § 478.23**, enter the premises of any licensed importer, for the purposes of examining or inspecting any record or document required by or obtained under Part 478. Under **18 U.S.C. § 923(g)**, licensed importers are required to make such records available for such examination or inspection during business hours.
- **Specified records. 27 CFR § 478.121(c)** specifies that each licensed importer shall maintain such records of importation, shipment, receipt, sale or other disposition, whether temporary or permanent, of firearms and such records of the disposition of ammunition as the regulations in Part 478 prescribe.
- **Timing of entries.** Under the provisions of **27 CFR § 478.122(a)** each licensed importer shall, within 15 days of the date of importation (date of release from CBP custody) or other acquisition, record the type, model, caliber or gauge, manufacturer, country of manufacture, and serial number of each firearm imported or otherwise acquired, and the date such importation or other acquisition was made.
- **Required information and formats. 27 CFR § 478.122(b)** requires licensed importers to maintain a record of firearms disposed of to another licensee and a separate record of armor piercing ammunition dispositions to governmental entities, for exportation, or for testing or experimentation authorized under the provisions of **27 CFR § 478.149** on the licensed premises. For firearms, the record shall show the quantity, type manufacturer,

country of manufacture, caliber or gauge, model, serial number of the firearms so transferred, the name and license number of the licensee to whom the firearms were transferred, and the date of the transaction. For armor piercing ammunition, the record shall show the date of the transaction, manufacturer, caliber or gauge, quantity of projectiles, and the name and address of the purchaser, The information required by this paragraph shall be entered in the proper record book not later than the seventh day following the date of the transaction, and such information shall be recorded in accordance with the following formats:

**Importer's Firearms Disposition Record**

| Quantity | Type | Manufacturer | Country of manufacture | Caliber or gauge | Model | Serial No. | Name and license No. of licensee to whom transferred | Date of the transaction |
|---|---|---|---|---|---|---|---|---|

**Importer's Armor Piercing Ammunition Disposition Record**

| Date | Manufacturer | Caliber or gauge | Quantity of projectiles | Purchaser--Name and address |
|---|---|---|---|---|

- **Alternate records. 27 CFR § 478.122(c)** provides that, notwithstanding the provisions of **27 CFR § 478.122(b)**, the Director of Industry Operations may authorize alternate records to be maintained by a license importer to record the disposal of firearms and armor piercing ammunition when it is shown that such alternate records will accurately and readily disclose the information required by 27 CFR § 478.122(b). A license importer who proposes to use alternate records shall submit a letter application, in duplicate, to the Director of Industry Operations and shall describe the proposed alternate records and the need therefore. Such alternate records shall not be employed by the licensed importer until approval is received from the Director of Industry Operations.
- **Transfers to nonlicensees. 27 CFR § 478.122(d)** directs that each importer shall maintain separate records of the sales or other dispositions of firearms to nonlicensees. Such records shall be maintained in the form and manner prescribed by **27 CFR §§ 478.124** (ATF Form 4473, Firearms Transaction Record) and **478.125** (Firearms Acquisition and Disposition Record).
- **Records retention periods for licensed importers and licensed manufacturers. 27 CFR § 478.129(d)** directs that licensees will maintain permanent records of the importation, manufacture, or other acquisition of firearms, including ATF Forms 6 and 6A, as required by Subpart G – Importation of Part 478. Licensed importers' records and licensed manufacturers' records of the sale or other disposition of firearms after December 15, 1968, shall be retained through December 15, 1988, after which records of such transactions over 20 years of age may be discarded.

27 CFR 479, Subpart I - Records and Returns

- • **NFA Firearms. 27 CFR § 479.131** provides that for the purposes of Part 479, each manufacturer, importer, and dealer in firearms shall keep and maintain such records regarding the manufacture, importation, acquisition (whether by making, transfer, or otherwise), receipt, and disposition of firearms as are prescribed, and in the manner and place required, by Part 478. In addition, each manufacturer, importer, and dealer shall maintain, in chronological order, at his place of business, a separate record consisting of the documents required by Part 479 showing the registration of any firearm to him. The

records required by Part 479 shall be readily accessible for inspection at all reasonable times by ATF officers.

ATF Internet

# Field Divisions




Download the Field Operations Map

The Bureau of Alcohol, Tobacco, Firearms and Explosives field divisions are located throughout the United States. Some of the field offices have jurisdiction in surrounding states.

All of our field offices may be contacted 24 hours a day, seven days a week. Visit the field office contact page for phone numbers, email addresses and more about the ATF field office closest to you. You will find links to many of our field divisions listed below.

Field Division Contact Information

| | |
|---|---|
| Atlanta | Miami |
| Baltimore | Nashville |
| Boston | Newark |
| Charlotte | New Orleans |
| Chicago | New York |
| Columbus | Philadelphia |
| Dallas | Phoenix |
| Denver | San Francisco |
| Detroit | Seattle |
| Houston | St. Paul |
| Kansas City | Tampa |
| Los Angeles | Washington |
| Louisville | |

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

# ATF Guidebook - Importation & Verification of Firearms, Ammunition, and Implements of War

## Firearms Verification

# Firearms Verification Overview

## Marking Requirements

Licensed Importer – 18 U.S.C. § 923(i) and 27 CFR § 478.92
26 U.S.C. § 5842 and 27 CFR § 479.102

### 1. SERIAL NUMBER

- Must be conspicuously engraved, cast or stamped (impressed) on the firearm frame or receiver
- The serial number cannot duplicate the serial number appearing on any other firearm the importer previously imported
- For firearms imported after January 30, 2002, the engraving, casting or stamping (impressing) of the serial number must be to a minimum depth of .003 inch and in a print size no smaller than 1/16 inch

### 2. NAME of MANUFACTURER

- Must be conspicuously engraved, cast or stamped (impressed) on the firearm frame, receiver, barrel or slide
- For firearms imported after January 30, 2002, the engraving, casting or stamping (impressing) of the serial number must be to a minimum depth of .003 inch

### 3. COUNTRY of ORIGIN

- Must be conspicuously engraved, cast or stamped (impressed) on the firearm frame, receiver, barrel or slide
- For firearms imported after January 30, 2002, the engraving, casting or stamping (impressing) of the country of origin must be to a minimum depth of .003 inch

### 4. MODEL DESIGNATION (If assigned)

- Must be conspicuously engraved, cast or stamped (impressed) on the firearm frame, receiver, barrel or slide
- For firearms imported after January 30, 2002, the engraving, casting or stamping (impressing) of the model designation must be to a minimum depth of .003 inch

### 5. CALIBER OR GAUGE

- Must be conspicuously engraved, cast or stamped (impressed) on the firearm frame, receiver, barrel or slide
- For firearms imported after January 30, 2002, the engraving, casting or stamping (impressing) of the caliber or gauge must be to a minimum depth of .003 inch

### 6. NAME of IMPORTER

- Must be conspicuously engraved, cast or stamped (impressed) on the firearm frame, receiver, barrel or slide

For firearms imported after January 30, 2002, the engraving, casting or stamping (impressing) of the importer's name must be to a minimum depth of .003 inch

**7. CITY & STATE of the IMPORTER**

- Must be conspicuously engraved, cast or stamped (impressed) on the firearm frame, receiver, barrel or slide
- For firearms imported after January 30, 2002, the engraving, casting or stamping (impressing) of the importer's city and state must be to a minimum depth of .003 inch

**NOTE:** The importer must ensure that these marks of identification appear on each firearm. If the manufacturer did not mark them, the importer must place the required markings on the firearm **within 15 days** after their release from Customs and Border Protection custody. The Director, Bureau of Alcohol, Tobacco, Firearms and Explosives may authorize other means of firearms identification upon receipt of a letter application from the importer, submitted in duplicate, showing that such other means of identification is reasonable and will not hinder the effective administration of the regulations.

Identification of Firearms

## MARKING REQUIREMENTS – FIREARMS (27 CFR 478.92)

**Sec. 478.92 How must licensed manufacturers and licensed importers identify firearms, armor piercing ammunition?**

**(a)(1)** Firearms. You, as a licensed manufacturer or licensed importer of firearms, must legibly identify each firearm manufactured or imported as follows:

**(i)** By engraving, casting, stamping (impressing), or otherwise conspicuously placing or causing to be engraved, cast, stamped (impressed) or placed on the frame or receiver thereof an individual serial number. The serial number must be placed in a manner not susceptible of being readily obliterated, altered, or removed, and must not duplicate any serial number placed by you on any other firearm. For firearms manufactured or imported on and after January 30, 2002, the engraving, casting, or stamping (impressing) of the serial number must be to a minimum depth of .003 inch and in a print size no smaller than 1/16 inch; and

**(ii)** By engraving, casting, stamping (impressing), or otherwise conspicuously placing or causing to be engraved, cast, stamped (impressed) or placed on the frame, receiver, or barrel thereof certain additional information. This information must be placed in a manner not susceptible of being readily obliterated, altered, or removed. For firearms manufactured or imported on and after January 30, 2002, the engraving, casting, or stamping (impressing) of this information must be to a minimum depth of .003 inch. The additional information includes:

**(A)** The model, if such designation has been made;
**(B)** The caliber or gauge:
**(C)** Your name (or recognized abbreviation) and also, when applicable, the
name of the foreign manufacturer;
**(D)** In the case of a domestically made firearm, the city and State

(or recognized abbreviation thereof) where you as the manufacturer maintain your place of business; and

**(E)** In the case of an imported firearm, the name of the country in which it was manufactured and the city and State (or recognized abbreviation thereof) where you as the importer maintain your place of business. For additional requirements relating to imported firearms, see Customs regulations at 19 CFR part 134.

**(2)** Firearm frames or receivers. A firearm frame or receiver that is not a component part of a complete weapon at the time it is sold, shipped, or otherwise disposed of by you must be identified as required by this section.

**(3) Special markings for semiautomatic assault weapons, effective July 5, 1995**. In the case of any semiautomatic assault weapon manufactured after September 13, 1994, you must mark the frame or receiver "**RESTRICTED LAW ENFORCEMENT/GOVERNMENT USE ONLY"** or, in the case of weapons manufactured for export, "**FOR EXPORT ONLY,"** in a manner not susceptible of being readily obliterated, altered, or removed. For weapons manufactured or imported on and after January 30, 2002, the engraving, casting, or stamping (impressing) of the special markings prescribed in this paragraph (a)(3) must be to a minimum depth of .003 inch.

**<u>NOTE</u>: SECTION 478.92(a)(3) REPEALED ON SEPTEMBER 13, 2004**

**(4) Exceptions:**

**(i) Alternate means of identification**. The Director may authorize other means of identification upon receipt of a letter application from you, submitted in duplicate, showing that such other identification is reasonable and will not hinder the effective administration of this part.

**(ii) Destructive devices.** In the case of a destructive device, the Director may authorize other means of identifying that weapon upon receipt of a letter application from you, submitted in duplicate, showing that engraving, casting, or stamping (impressing) such a weapon would be dangerous or impracticable.

**(iii) Machine guns, silencers, and parts.** Any part defined as a machine gun, firearm muffler, or firearm silencer in Sec. 478.11, that is not a component part of a complete weapon at the time it is sold, shipped, or otherwise disposed of by you, must be identified as required by this section. The Director may authorize other means of identification of parts defined as machine guns other than frames or receivers and parts defined as mufflers or

silencers upon receipt of a letter application from you, submitted in duplicate, showing that such other identification is reasonable and will not hinder the effective administration of this part.

**(5) Measurement of height and depth of markings.** The depth of all markings required by this section will be measured from the flat surface of the metal and not the peaks or ridges. The height of serial numbers required by paragraph (a)(1)(i) of this section will be measured as the distance between the latitudinal ends of the character impression bottoms (bases).

**(b) Armor piercing ammunition.**

**(1) Marking of ammunition.** Each licensed manufacturer or licensed importer of armor piercing ammunition shall identify such ammunition by means of painting, staining or dying the exterior of the projectile with an opaque black coloring. This coloring must completely cover the point of the projectile and at least 50 percent of that portion of the projectile which is visible when the projectile is loaded into a cartridge case.

**(2) Labeling of packages.** Each licensed manufacturer or licensed importer of armor piercing ammunition shall clearly and conspicuously label each package in which armor piercing ammunition is contained, e.g., each box, carton, case, or other container. The label shall include the words “ARMOR PIERCING" in block letter at least 1/4 inch in height. The lettering shall be located on the exterior surface of the package which contains information concerning the caliber or gauge of the ammunition. There shall also be placed on the same surface of the package in block lettering at least 1/8 inch in height the words ``FOR GOVERNMENTAL ENTITIES OR EXPORTATION ONLY." The statements required by this subparagraph shall be on a contrasting background.

**(c) Large capacity ammunition feeding devices manufactured after September 13, 1994.**

**(1)** Each person who manufactures or imports any large capacity ammunition feeding device manufactured after September 13, 1994, shall legibly identify each such device with a serial number. Such person may use the same serial number for all large capacity ammunition feeding devices produced.

**(i)** Additionally, in the case of a domestically made large capacity ammunition feeding device, such device shall be marked with the name, city and State (or recognized abbreviation thereof) of the manufacturer;

**(ii)** And in the case of an imported large capacity ammunition feeding device, such device shall be marked:

(A) With the name of the manufacturer, country of origin, and,
(B) Effective July 5, 1995, the name, city and State (or recognized abbreviation
thereof) of the importer.

(iii) Further, large capacity ammunition feeding devices manufactured after September 13, 1994, shall be marked **"RESTRICTED LAW ENFORCEMENT/ GOVERNMENT USE ONLY"** or, in the case of devices manufactured or imported for export, effective July 5, 1995, "**FOR EXPORT ONLY."**

**(2)** All markings required by this paragraph (c) shall be cast, stamped, or engraved on the exterior of the device. In the case of a magazine, the markings shall be placed on the magazine body.

**(3) Exceptions -**

**(i) Metallic links.** Persons who manufacture or import metallic links for use in the assembly.of belted ammunition are only required to place the identification marks prescribed in paragraph (c)(1) on this section on the containers used for the packaging of the links
**(ii) Alternate means of identification.** The Director may authorize other means of identifying large capacity ammunition feeding devices upon receipt of a letter application, in duplicate, from the manufacturer or importer showing that such other identification is reasonable and will not hinder the effective administration of this part

**NOTE: SECTION 478.92(c) REPEALED ON SEPTEMBER 13, 2004**

MARKING REQUIREMENTS – NFA FIREARMS (27 CFR § 479.102)

**Section 479.102 How must firearms be identified?**

**(a)** You, as a manufacturer, importer, or maker of a firearm, must legibly identify the firearm as follows:

**(1)** By engraving, casting, stamping (impressing), or otherwise conspicuously placing or causing to be engraved, cast, stamped (impressed) or placed on the frame or receiver thereof an individual serial number. The serial number must be placed in a manner not susceptible of being readily obliterated, altered, or removed, and must not duplicate any serial number placed by you on any other firearm. For firearms manufactured, imported, or made on and after January 30, 2002, the engraving, casting, or stamping (impressing) of the serial number must be to a minimum depth of .003 inch and in a print size no smaller than 1/16 inch; and

**(2)** By engraving, casting, stamping (impressing), or otherwise conspicuously placing or causing to be engraved, cast, stamped (impressed), or placed on the frame, receiver, or barrel thereof certain additional information. This information must be placed in a manner not susceptible of being readily obliterated, altered or removed. For firearms manufactured, imported, or made on and after January 30, 2002, the engraving, casting, or stamping (impressing) of this information must be to a minimum depth of .003 inch. The additional information includes:

(i) The model, if such designation has been made;
(ii) The caliber or gauge;
(iii) Your name (or recognized abbreviation) and also, when applicable, the same of the foreign manufacturer or maker;
(iv) In the case of a domestically made firearm, the city and State (or recognized abbreviation thereof) where you as the manufacturer maintain your place of business, or where you, as the maker, made the firearm; and
(v) In the case of an imported firearm, the name of the country in which it was manufactured and the city and State (or recognized abbreviation thereof) where you as the importer maintain your place of business. For additional requirements relating to imported firearms, see Customs regulations at 19 CFR part 134.

**( b)** The depth of all markings required by this section will be measured from the flat surface of the metal and not the peaks or ridges. The height of serial numbers required by paragraph (a)(1) of this section will be measured as the distance between the latitudinal ends of the character impression bottoms (bases).

**(c)** The Director may authorize other means of identification upon receipt of a letter application from you, submitted in duplicate, showing that such other identification is reasonable and will not hinder the effective administration of this part.

**(d)** In the case of a destructive device, the Director may authorize other means of identifying that weapon upon receipt of a letter application from you, submitted in duplicate, showing that engraving, casting, or stamping (impressing) such a weapon would be dangerous or impracticable.

**(e)** A firearm frame or receiver that is not a component part of a complete weapon at the time it is sold, shipped, or otherwise disposed of by you must be identified as required by this section.

**(f)(1)** Any part defined as a machine gun, muffler, or silencer for the purposes of this part that is not a component part of a complete firearm at the time it is sold, shipped, or otherwise disposed of by you must be identified as required by this section.

**(2)** The Director may authorize other means of identification of parts defined as machine guns other than frames or receivers and parts defined as mufflers or silencers upon receipt of a letter application from you, submitted in duplicate, showing that such other identification is reasonable and will not hinder the effective administration of this
part.

ATF Rulings

## ATF Ruling 2002-6

The Bureau of Alcohol, Tobacco and Firearms (ATF) has been asked by State and local law enforcement officials to trace firearms that are marked, in part, with non-Roman letters and/or non-Arabic numbers. Specifically, ATF received a request to trace a Makarov type pistol made in Bulgaria. The original manufacturer marking was ИМ 18 355. Because the importer did not stamp the firearm with a unique identifier that could be recognized by either ATF or a State or

local law enforcement official, and because the marking contained a Cyrillic character, the firearm was not properly recorded, resulting in a failed trace of the weapon.

Because markings with non-Roman characters or non-Arabic are not easily recorded or transmitted through means by importers, dealers, or distributors, many firearm traces have proved unsuccessful. In some cases, an importer attempts to translate portions of the markings into Roman letters and Arabic numbers and re-marks the weapon with the serial number ДМ7639И. The importer translated the marking as LM7639i but rather than restamp the entire number merely added the letters “L” and “i” below the original markings. This practice often results in failed traces because those required to record the markings (importers, dealers, or distributors) may record only the translated portions or both sets of markings. Moreover, law enforcement recovering a firearm with such markings may submit a trace request lacking some portion of the markings, further impeding efforts to successfully trace the firearm.

In addition, ATF has found that some traces have failed because the required markings on the firearms barrel were wholly partially obstructed from plain view by a flash suppressor or bayonet mount, resulting in the Federal Firearms Licensee creating an inaccurate record. ATF has been unable to trace hundreds of firearms as a result of nonstandard or obscured markings.

As a result of these practices, some licensed importers my not be in compliance with the marking requirements set forth in **27 CFR 178.92*** and **27 CFR 179.102*** because they have marked using non-Roman letters (such as Greek or Russian letters, Δ or Д) or non-Arabic numbers (e.g., XXV).

The above regulations require markings that legibly identify each item or package and require that such markings be conspicuous. ATF has consistently taken the position that “legibly” marked means using exclusively Roman letters, (A, a, B, b, C, c, and so forth) and ‘conspicuous” means that all required markings must be placed in such a manner as to be wholly unobstructed from plain view. These regulation apply to licensed manufacturers and licensed importers relative to firearms, armor piercing ammunition, and large capacity ammunition feeding devices, and to makers of National Firearms Act firearms.

Firearms, armor piercing ammunition and large capacity ammunition feeding devices which contain required markings or labels using non-Roman letters (such as Greek or Russian letters, Δ or Д) or non-Arabic letter (e.g., XXV), must be completely remarked or relabeled with a new serial number or other required markings that satisfy the legibility requirements described above. It is not sufficient to simply add an additional Roman letter or Arabic numeral to a nonconforming marking; a new and unique marking using Roman letters and Arabic numerals is required. When feasible, the new markings should be placed directly above the non-compliant markings.

Similarly, firearms and large capacity ammunition feeding devices which contain required markings obstructed in whole or in part from plain view must be remarked with required markings that satisfy the conspicuousness requirements described above. For example, required markings may not be placed on a portion of the barrel where the markings would be wholly or partially obstructed from view by another part of the firearm, such as a flash suppressor or bayonet mount.

In certain unavoidable circumstances owing mainly to firearms of unusual design or other limiting factor(s) which would limit the ability of the manufacturer or importer to comply with the above legibility and conspicuousness requirements, alternate means of identification may be authorized as described in **27 CFR 178.92(a)(3)(i), (ii), or (iii)*** and **27 CFR 178.92(c)(3)(iii)***.

**Held**, a Makarov type pistol imported from Bulgaria utilizing Cyrillic letters or non-Arabic numbers is not marked in accordance with **27 CFR 178.92*** and **27 CFR 179.102***.

**Held further**, an imported firearm with any part of the required marking partially or wholly obstructed from plain view is not marked in accordance with section **27 CFR 178.92*** and **27 CFR 179.102***.

Date signed: November 5, 2002

* New provisions are under Parts 478 and 479, not 178 and 179.

Firearms Verification - Marking Requirements

## ATF Ruling 75-28

The Bureau has determined that in some cases, the serial number placed on a firearm by a foreign manufacturer is adequate to provide the identification number by **27 CFR § 178.928***. See also **27 CFR § 178.22(a)***.

**Held**, where a serial number has been placed on the frame or receiver of a firearm by a foreign manufacturer in the manner contemplated by **27 CFR § 178.92***, and such serial number does not duplicate a number previously adopted or assigned by the import to any other firearm, the importer may adopt the serial number of the foreign manufacturer.

**Provided**, the importer shall in all cases place his name and address (city and state or recognized abbreviation thereof), and any other marks necessary to comply with the identification requirements of **27 CFR § 178.92***, on such imported firearms.

* New provisions are under Parts 478 and 479, not 178 and 179.

Firearms Verification - Marking Requirements

## Industry Circular

### Industry Circular 77-20

#### DUPLICATION OF SERIAL NUMBERS BY LICENSED IMPORTERS

ATF has noted cases where some licensed importers have adopted the same serial number for more than one firearm. These instances of duplication have generally occurred when firearms are received from more than one source.

**Title 27 CFR § 178.92*** requires that the serial number affixed to a firearm must not duplicate the number affixed to any other firearm that you import into the United States. Those of you who import destructive devices are under the same requirement due to the inclusion of destructive devices in the definition of firearm as used in **27 CFR § 178.11***. **ATF Ruling 75-28** also reminds you of the other identifying marks required by **27 CFR § 178.92***. In addition to a unique serial number, each firearm must be marked to show the model (if any); the caliber or gauge; the name of the manufacturer and importer, or recognizable abbreviations; the country of manufacture; and the city and State (or recognized abbreviations) in which your licensed premises are located.

**NOTE:** All cited references to regulation and statutes in the foregoing ATF rulings and industry circular use identifiers and section indicators in effect at the time the rulings and industry circular were approved. On January 24, 2003, ATF was part of a reorganization of government which placed it under the Department of Justice (DOJ). This transition resulted in certain changes within the numbering system and identification of ATF's regulations now issued and referenced under the authority of DOJ.

* New provision us under Part 478, not 178.

ATF Internet

# Firearm

18 U.S.C., § 921(a)(3)

NOTE: This section is intended to provide basic guidance in understanding firearm terminology. Please bear in mind that these illustrations do not necessarily depict importable firearms.

The term "FIREARM" means:

A. Any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive;




B. The frame or receiver of any such weapon;




C. Any firearm muffler or firearm silencer; or




D. Any destructive device.

Firearm Frame or Receiver

That part of a firearm which provides housing for the hammer, bolt or breechblock, and firing mechanism, and which is usually threaded at its forward portion to receive the barrel. **27 CFR § 478.11**.

ATF Internet

# Antique Firearm

18 U.S.C. § 921(a)(16)

The term "ANTIQUE FIREARM" means:

A. Any firearm (including any firearm with a matchlock, flintlock, percussion cap, or similar type of ignition system) manufactured in or before 1898; and




B. Any replica of any firearm described in subparagraph (A) if such replica

   i. is not designed or redesigned for using rimfire or conventional centerfire fixed ammunition, or
   ii. uses rimfire or conventional centerfire fixed ammunition which is no longer manufactured in the United States and which is not readily available in the ordinary channels of commercial trade.




C. Any muzzle loading rifle, muzzle loading shotgun, or muzzle loading pistol, which is designed to use black powder, or black powder substitute, and which cannot use fixed ammunition. For purposes of this subparagraph, the term antique firearm shall not include any weapon which includes a firearm frame or receiver, any firearm which is converted into a muzzle loading weapon, or any muzzle loading weapon which can be readily converted to fire fixed ammunition by replacing the barrel, bolt, breechblock or any combination thereof.




ATF Internet

# Ammunition

18 U.S.C. § 921(a)(17)(A)

The term "AMMUNITION" means ammunition or cartridge cases, primers, bullets, or propellant powder designed for use in any firearm.

The term shall not include (a) any shotgun shot or pellet not designed for use as the single, complete projectile load for one shotgun hull or casing, nor (b) any unloaded, non-metallic shotgun hull or casing not having a primer. **27 CFR § 478.11**




Armor piercing ammunition – 18 U.S.C., § 921(a)(17)(B)

- A projectile or projectile core which may be used in a handgun and which is constructed entirely (excluding the presence of traces of other substances) from one or a combination of tungsten alloys, steel, iron, brass, bronze, beryllium copper, or depleted uranium; or
- A full jacketed projectile larger than .22 caliber designed and intended for use in a handgun and whose jacket has a weight of more than 25 percent of the total weight of the projectile.

The term **"armor piercing ammunition"** does not include shotgun shot required by Federal or State environmental or game regulations for hunting purposes, a frangible projectile designed for target shooting, a projectile which the Attorney General finds is primarily intended to be used for sporting purposes, or any other projectile or projectile core which the Attorney General finds is intended to be used for industrial purposes, including a charge used in an oil and gas well perforating device.

# Silencer

18 U.S.C. § 921(a)(24)




The term "FIREARM SILENCER " or "FIREARM MUFFLER" means any device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for the use in assembling or fabricating a firearm silencer or firearm muffler, any part intended only for use in such assembly or fabrication.

**NOTE:** Any device that meets the definition as stipulated above in 18 U.S.C. § 921(a)(24) is also subject to controls of the National Firearms Act 26 U.S.C., Chapter 53.

ATF Internet

# Pistol

18 U.S.C. § 921 (a)(29) And 27 CFR § 478.11

The term "PISTOL" means a weapon originally designed, made, and intended to fire a projectile (bullet) from one or more barrels when held in one hand, and having:

- a chamber(s) as an integral part(s) of, or permanently aligned with, the bore(s);
- and a short stock designed to be gripped by one hand at an angle to and extending below the line of the bore(s).

**NOTE:** This illustration shows the primary characteristics exhibited in the pistol category. Since pistol configurations differ significantly, various models in this classification may exhibit any of the illustrated components in a revised configuration, but not necessarily all components shown will be incorporated in any given design.




ATF Internet

# Revolver

18 U.S.C. § 921 (a)(29) And 27 CFR § 478.11

The term "REVOLVER" means a projectile weapon of the pistol type, having a breechloading chambered cylinder so arranged that the cocking of the hammer or movement of the trigger rotates it and brings the next cartridge in line with the barrel for firing.

**NOTE:** This illustration shows the primary characteristics exhibited in the revolver category. Since revolver configurations differ significantly, various models in this classification may exhibit any of the illustrated components in a revised configuration but not necessarily all components shown will be incorporated in any one given design.




ATF Internet

# Rifle

18 U.S.C. § 921 (a)(7) And 27 CFR § 478.11

The term "RIFLE" means a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed metallic cartridge to fire only a single projectile through a rifled bore for each single pull of the trigger.

**NOTE:** This illustration shows the primary characteristics exhibited in the rifle category. Since rifle configurations differ significantly, various models in this classification may exhibit any of the illustrated components in a revised configuration but not necessarily all components shown will be incorporated in any one given design.




ATF Internet

# Shotgun

18 U.S.C. § 921 (a)(5) And 27 CFR § 478.11

The term "SHOTGUN" means a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder, and designed or redesigned and made or remade to use the energy of the explosive in a fixed shotgun shell to fire through a smooth bore either a number of ball shot or a single projectile for each single pull of the trigger.

**NOTE:** This illustration shows the primary characteristics exhibited in the shotgun category. Since shotgun configurations differ significantly, various models in this classification may exhibit any of the illustrated components in a revised configuration but not necessarily all components shown will be incorporated in any one given design.




ATF Internet

# Firearm

26 U.S.C. Chapter 53

For the purposes of the National Firearms Act, the following definitions are used to define and verify the different types of firearms:

**§ 5845(d)** – The term "SHOTGUN" means a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder, and designed or redesigned and made or remade to use the energy of the explosive in a fixed shotgun shell to fire through a smooth bore either a number of ball shot or a single projectile for each single pull of the trigger.




**§ 5845(a)(1) –** The term "FIREARM" means a shotgun having a barrel or barrels of less than 18 inches in length;




**§ 5845(a)(2)** – The term "FIREARM" means a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length;




Rifle– 26 U.S.C., § 5485(a)

For the purposes of the National Firearms Act, the following definitions are used to define and verify the different types of firearms:

**§ 5845(c) –** The term "RIFLE" means a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder, and designed or redesigned and made or remade to use the energy of the explosive in a fixed metallic cartridge to fire only a single projectile through a rifled bore for each single pull of the trigger.




**§ 5845(a)(3) –** The term "FIREARM" means a rifle having a barrel or barrels of less than 16 inches in length;




**§ 5845(a)(4)** – The term "FIREARM" means a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length;




ATF Internet

# Silencer

26 U.S.C. § 5845(a)(7)




For the purposes of the National Firearms Act the term Silencer is defined in 18 U.S.C. § 921(a)(24)

The term "FIREARM SILENCER " or "FIREARM MUFFLER" means any device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for the use in assembling or fabricating a firearm silencer or firearm muffler, any part intended only for use in such assembly or fabrication.

**NOTE:** Any device that meets the definition as stipulated above in 18 U.S.C. § 921(a)(24) is also subject to controls as defined in the National Firearms Act, 26 U.S.C., Chapter 53.

ATF Internet

# Machinegun

26 U.S.C. § 5845(b)




For the purposes of the National Firearms Act the term

Machinegun means:

- Any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot without manual reloading, by a single function of the trigger
- The frame or receiver of any such weapon
- Any part designed and intended solely and exclusively or combination of parts designed and intended for use in converting a weapon into a machinegun, or
- Any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

**NOTE:** Due to the similarity in appearance and general configuration of semiautomatic firearms, a comprehensive examination of the firearm and/or its component parts is required to correctly determine its classification.

ATF Internet

# Any Other Weapon

26 U.S.C. § 5845(e)

For the purposes of the National Firearms Act, the term "ANY OTHER WEAPON " means:

- Any weapon or device capable of being concealed on the person from which a shot can be discharged through the energy of an explosive;
- A pistol or revolver having a barrel with a smooth bore designed or redesigned to fire a fixed shotgun shell;
- Weapons with combination shotgun and rifle barrels 12 inches or more, less than 18 inches in length, from which only a single discharge can be made from either barrel without manual reloading; and
- Any such weapon which may be readily restored to fire.

Such term shall not include a pistol or a revolver having a rifled bore, or rifled bores, or weapons designed, made, or intended to be fired from the shoulder and not capable of firing fixed ammunition.

Examples of "ANY OTHER WEAPON" include:






[ATF Internet]

# Destructive Device

26 U.S.C. § 5845(f)




For the purposes of the National Firearms Act, the term "DESTRUCTIVE DEVICE" means:

- A missile having an explosive or incendiary charge of more than 1/4 oz.
- Any type of weapon by whatever name known which will, or which may readily be converted to expel a projectile, by the action of an explosive or other propellant, the barrel or barrels of which have a bore greater than one-half inch in diameter.
- A combination of parts designed and intended for use in converting a device into a destructive device and from which a destructive device can be readily assembled.

Exemptions:

- A shotgun or shotgun shell which is determined by the Attorney General to be generally recognized as particularly suitable for sporting purposes.
- a device which is neither designed nor redesigned for use as a weapon,
- a device which is designed or redesigned for use as a signaling, pyrotechnic, line-throwing, safety, or similar device,
- surplus ordnance sold, loaded, or given by the Secretary of the Army pursuant to law such as antique, obsolete bronze or iron cannon,
- a device which the Attorney General determines is not likely to be used as a weapon.
- An antique firearm, or
- a rifle which the owner intended to use solely for sporting purposes.

ATF Internet

# Antique Firearm

26 U.S.C. § 5845(g)

For the purposes of the National Firearms Act, the term "ANTIQUE FIREARM" means any firearm not intended or redesigned for using rim fire or conventional center fire ignition with fixed ammunition and manufactured in or before 1898 (including any matchlock, flintlock, percussion cap or similar type of ignition system or replica thereof, whether actually manufactured before or after the year 1898) and also any firearm using fixed ammunition manufactured in or before 1898, for which ammunition is no longer manufactured in the United States and is not readily available in the ordinary channels of commercial trade.

Examples of "ANTIQUE WEAPONS" include:




1. **Muzzleloading Rifle (made in or before 1898 or a Replica thereof)**
    - **Determinants for Classification:** Even though this weapon may exhibit a barrel shorter than 16 inches and/or an overall length less than 26 inches, it is not subject to NFA regulations governing those dimensions because it employs a primitive ignition system identified as an exempting characteristic.

2. **Original Percussion Shotgun**
    - **Determinants for Classification:** Even though this weapon may exhibit a barrel shorter than 18 inches and/or an overall length less than 26 inches, it is not




ATF Internet

subject to NFA regulations governing those dimensions because it employs a primitive ignition system identified as an exempting characteristic.




3. **Original Antique Rifle**

   - **Determinants for Classification:** Even though this weapon may exhibit a barrel shorter than 16 inches, it is subject to NFA regulations governing those dimensions because it employs a conventional ignition system and uses fixed ammunition that is readily available through ordinary channels of commercial trade. Consequently, this weapon would be classified as a "Short-barreled Shotgun" and therefore all NFA regulations apply.

4. **Original Antique Shotgun**




- **Determinants for Classification:** Even though this weapon may exhibit a barrel shorter than 18 inches, it is subject to NFA regulations governing minimum dimensions because it employs a conventional ignition system and uses fixed ammunition that is readily available through ordinary channels of commercial trade. Consequently, this weapon would be classified as a "short-barreled Shotgun" and therefore all NFA regulations.




5. **Original Antique Rifle**

- **Determinants for Classification:** Even though this weapon may exhibit a barrel shorter than 16 inches and is less than 16 inches in overall length, it is subject to NFA regulations governing those dimensions because it employs a conventional ignition system and uses fixed ammunition that is readily available through ordinary channels of commercial trade. Consequently, this weapon would be

classified as a "Weapon made from a Rifle" and therefore all NFA regulations apply.




6. **Original Antique Shotgun**

   ◦ **Determinants for Classification:** Even though this weapon may exhibit a barrel shorter than 18 inches and is less than 16 inches in overall length, it is subject to NFA regulations governing those dimensions because it employs a conventional ignition system and uses fixed ammunition that is readily available through ordinary channels of commercial trade. Consequently, this weapon would be classified as a "Weapon made from a Rifle" and therefore all NFA regulations apply.

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

# ATF Guidebook - Importation & Verification of Firearms, Ammunition, and Implements of War

## Terminology & Nomenclature

# Terminology & Nomenclature Overview

The following terminology and nomenclature apply to the verification of firearms:

- Handgun – Pistol
- Handgun – Revolver
- Bolt Action
- Lever Action
- Self-Loading Action (Semiautomatic)
- Slide/Pump Action
- Top Break Action

ATF Internet

# Handgun - Pistol

**NOTE:** This illustration shows the primary characteristics exhibited in the Pistol category. Since pistol configurations differ significantly, various models in this classification may exhibit any of the illustrated components in a revised configuration, but not necessarily all components shown will be incorporated in any one given design.




[ATF Internet]

# Handgun - Revolver

**NOTE:** This illustration shows the primary characteristics exhibited in the Revolver category. Since revolver configurations differ significantly, various models in this classification may exhibit any of the illustrated components in a revised configuration, but not necessarily all components shown will be incorporated in any one given design.




ATF Internet

# Bolt Action

**NOTE:** The Bolt action is utilized in the design and function of rifles, shotguns and pistols including single shot and magazine-fed repeating models. This illustration exhibits the primary characteristics of a rifle, but most component parts are applicable in a revised configuration.




Group Callout Schedule *

| | |
|---|---|
| **Group (1)** | Four magazine configurations available on the repeating models of this type action.<br>A-Tubular, B-Fixed Internal, C-Bottom Access Floorplate, D-Detachable |
| **Group (2)** | Four various safety configurations which may appear on the available models.<br>A-Crossbolt, B-Top Tang, C-Side Lever, D-Tailpiece Safety |
| **Group (3)** | Two buttstock appointments available in this group.<br>A-Butt Plate, B-Recoil Pad |
| **Group (4)** | Two barrel configurations which may appear on this type action.<br>A-Rifled, B-Smooth Bore |

* Group callouts identify various configurations of a specific component which may be incorporated in the function of the various models employing the bolt action in their design. However, only one type component from each callout group will appear on any given subject firearm.

ATF Internet

# Lever Action

**NOTE:** The Lever action is utilized in the design and function of rifles, shotguns and pistols. This illustration exhibits the primary characteristics of a rifle. Although most component parts are applicable in a revised configuration to both the shotgun and pistol categories, relatively few representative models exist in those categories.




Group Callout Schedule *

| | |
|---|---|
| **Group (1)** | Three magazine configurations available on this type action.<br>A-Fixed Internal (rotary), B-Detachable (inline or staggered feed), C-Tubular |
| **Group (2)** | Two ejection port configurations are available in this group.<br>A-Side Port Ejection, B-Top Port Ejection |
| **Group (3)** | Two buttstock appointments appear on the available models<br>A-Recoil Pad, B-Buttplate |

* Group callouts identify various configurations of a specific component which may be incorporated in the function of the various models employing the lever action in their design. However, only one type component from each callout group will appear on any given subject firearm.

ATF Internet

# Self-Loading Action (Semiautomatic)

**NOTE:** The Self-loading action is utilized in the design and function of rifles, shotguns and pistols. This illustration exhibits the primary characteristics of a rifle but most component parts are applicable in a revised configuration to both the shotgun and pistol categories. The pistol configuration does differ significantly (see separate illustration).




Group Callout Schedule *

| | |
|---|---|
| **Group (1)** | Three magazine configurations available on this type action.<br>A-Hinged, B-Detachable, C&D-Tubular (Front and Rear) |
| **Group (2)** | Four various safety configurations which may appear on the available models.<br>A-Crossbolt (front or rear), B-Top Tang, C-Trigger Guard |
| **Group (3)** | Two buttstock appointments available in this group.<br>A-Recoil Pad, B-Buttplate |
| **Group (4)** | Two barrel configurations which may appear on this type action.<br>A-Smooth Bore, B-Rifled |

* Group callouts identify various configurations of a specific component which may be incorporated in the function of the various models employing the autoloading action in their design. However, only one type component from each callout group will appear on any given subject firearm.

# Slide/Pump Action

**NOTE:** The Slide/Pump action is utilized in the design and function of rifles and shotguns. This illustration exhibits the primary characteristics of a rifle but most component parts are applicable in a revised configuration to the Pump/Slide Shotgun category.




Group Callout Schedule *

| | |
|---|---|
| **Group (1)** | Three magazine configurations available on this type action.<br>A-Hinged, B-Detachable, C&D-Tubular (Front and Rear) |
| **Group (2)** | Four various safety configurations which may appear on the available models.<br>A-Crossbolt (front or rear), B-Top Tang |
| **Group (3)** | Two buttstock appointments available in this group.<br>A-Recoil Pad, B-Buttplate |
| **Group (4)** | Two barrel configurations which may appear on this type action.<br>A-Smooth Bore, B-Rifled |

* Group callouts identify various configurations of a specific component which may be incorporated in the function of the various models employing the pump/slide action in their

design. However, only one type component from each callout group will appear on any given subject firearm.

ATF Internet

# Top Break Action

**NOTE:** The Top Break action is utilized in the design and function of rifles, shotguns and pistols. This illustration exhibits the primary characteristics of a shotgun but most component parts are applicable in a revised configuration to the rifle and pistol categories.




Group Callout Schedule *

| | |
|---|---|
| **Group (1)** | Various barrel configurations which may appearon this type action.<br>A-Single Shotgun, B-Single Rifle, C-Double Rifle, D-Combination, E-Double Shotgun |
| **Group (2)** | Two safety configurations which may appear on the available models.<br>A-Crossbolt, B-Top Tang |
| **Group (3)** | Two buttstock appointments available in this group.<br>A-Buttplate, B-Recoil Pad |

* Group callouts identify various configurations of a specific component which may be incorporated in the function of the various models employing the break open action in their design. However, only one type component from each callout group will appear on any given subject firearm.

ATF Internet

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

# ATF Guidebook - Importation & Verification of Firearms, Ammunition, and Implements of War

# Machinegun Destruction

# Machinegun Destruction

NOTICE

Except as provided in Title 26, United States Code (U.S.C.), Chapter 53, Section 5844, it is generally unlawful to import a machinegun into the United States for unrestricted sale. However, machineguns that are properly destroyed may be imported. The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) routinely receives inquiries regarding the acceptable method of destroying machineguns.

Subsequent pages in this section will provide importers with several illustrations on ATF destruction procedures. ATF Ruling 2003-1, 2003-2, 2003-3, and 2003-4 provide further guidance on the ATF approved method of destrution. Additional illustrations and guidelines for firearms not addressed in this manual can be obtained from ATF's Firearms Technology Branch.




This illustration shows the receiver of the subject example firearm (FN/FAL) cut in the approved manner as defined in ATF Destruction Procedures.

The following illustrations outline the procedures to destroy the receivers or frame of the firearm in a manner that will prevent its function and future use as a firearm. A proper method of destroying these firearms is to cut the receiver into separate pieces.

View destructive method for the Browning M1919 Type Firearm.









This illustrated view shows the
**Destroyed Receiver**
of the subject firearm.

View destructive method for the FN Fal Type Firearm.










*The purpose of this procedure is to destroy the receiver or frame in a manner that will prevent its function and future use as a firearm. A proper method of destroying this firearm is to cut the receiver into separate pieces as follows. All cutting must be done with a cutting torch having a tip of sufficient size to displace at least 1/4 inch of material at each location.*

- *Each cut must completely sever the receiver in the area indicated by the diagonal lines.*
- *The receiver must be completely severed in each area indicated with a diagonal torch cut.*
- *Cutting by means of a bandsaw or cut-off wheel does not ensure destruction.*

*NOTE: Alternate methods of destruction defining the proposed procedure must be submitted in writing to the ATF Firearms Technology Branch for review and approval prior to implementation.*

View destructive method for the Heckler & Koch G3 Type Firearm.










*The purpose of this procedure is to destroy the receiver or frame in a manner that will prevent its function and future use as a firearm. A proper method of destroying this firearm is to cut the receiver into separate pieces as follows. All cutting must be done with a cutting torch having a tip of sufficient size to displace at least 1/4 inch of material at each location.*

- *Each cut must completely sever the receiver in the area indicated by the diagonal lines.*
- *The receiver must be completely severed in each area indicated with a diagonal torch cut.*
- *Cutting by means of a bandsaw or cut-off wheel does not ensure destruction.*

*NOTE: Alternate methods of destruction defining the proposed procedure must be submitted in writing to the ATF Firearms Technology Branch for review and approval prior to implementation.*

[View destructive method for the Sten Type Firearm.]










*The purpose of this procedure is to destroy the receiver or frame in a manner that will prevent its function and future use as a firearm. A proper method of destroying this firearm is to cut the receiver into separate pieces as follows. All cutting must be done with a cutting torch having a tip of sufficient size to displace at least 1/4 inch of material at each location.*

- *Each cut must completely sever the receiver in the area indicated by the diagonal lines.*
- *The receiver must be completely severed in each area indicated with a diagonal torch cut.*
- *Cutting by means of a bandsaw or cut-off wheel does not ensure destruction.*

*NOTE: Alternate methods of destruction defining the proposed procedure must be submitted in writing to the ATF Firearms Technology Branch for review and approval prior to implementation.*

ATF Internet