FILED

Erin Cartwright Weinstein
**Clerk of the Court**
Lake County, Illinois

STATE OF ILLINOIS )
) SS
COUNTY OF LAKE )

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

| | |
|---|---|
| KEELY ROBERTS, individually and as parent and next friend of C.R. and L.R., and JASON ROBERTS, individually and as parent and next friend of C.R. and L.R., | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) |
| SMITH & WESSON BRANDS, INC., et al., | ) |
| Defendants. | ) |
| And | ) |
| CYBEAR INTERACTIVE, LLC, et al., | ) |
| Respondents in Discovery | ) |

Case No. 22 LA 00000487

Consolidated with Case Nos.
22 LA 00000488, 22 LA 00000489,
22 LA 00000490, 22 LA 00000491,
22 LA 00000492, 22 LA 00000493,
22 LA 00000494, 22 LA 00000495,
22 LA 00000496, 22 LA 00000497,
22 LA 00000532, 24 LA 00000201,
24 LA 00000203, 24 LA 00000206,
24 LA 00000466, 24 LA 00000471,
24 LA 00000474, 24 LA 00000475,
24 LA 00000476, 24 LA 00000477,
24 LA 00000478, 24 LA 00000479,
24 LA 00000480, 24 LA 00000481

**ORDER ON SMITH & WESSON BRANDS, INC.'S MOTION FOR CERTIFICATION OF ISSUES FOR INTERLOCUTORY APPEAL**

This matter comes before the Court on Defendant's, Smith & Wesson Brands, Inc., Motion for Certification of Issues for Interlocutory Appeal. Having heard arguments on this Motion, considered the statutory authority and case law, and being fully advised in the premises, the Court now FINDS AS FOLLOWS:

Defendants Smith & Wesson brought Motions to Dismiss Plaintiffs' Complaints pursuant to 735 ILCS 5/2-615 and 2-619. On April 1, 2025, the Court entered its Order granting Smith & Wesson's Motion with respect to Plaintiffs' Counts alleging violations of the Illinois Consumer Fraud and Deceptive Practices Act-Deceptive and Unlawful Acts and alleging Negligent Entrustment. The Court's Order denied Smith & Wesson's motions with respect to all other Counts. Now, Smith & Wesson brings a Motion for Certification of Issues for Interlocutory

1

Appeal. It alleges the following questions of law are appropriate for interlocutory appeal under Supreme Court Rule 308(a):

## PLCAA Immunity

1) Did Plaintiffs plead a "qualified civil liability action" that is barred by the Protection of Lawful Commerce in Arms Act, 15 U.S.C. §7901, *et. seq.* ("PLCAA)?

2) Does the PLCAA bar Plaintiffs' common law claims?

3) Can alleged violations of either the Illinois Consumer Fraud and Deceptive Trade Practices Act ("CFA"), 815 ILCS 505/2 or the Illinois Deceptive Trade Practices Act ("DTPA"), 815 ILCS 510/2 serve as a predicate statute that could deprive Smith & Wesson of PLCAA immunity?

4) Did Plaintiffs plead facts that Smith & Wesson "knowingly" violated a predicate statute based on the allegation that Smith & Wesson "should have known" its advertisements "support, recommend, or encourage individuals to engage in unlawful paramilitary or private militia activity in Illinois"?

5) Did Plaintiffs plead facts that Smith & Wesson's alleged knowing violation of a predicate statute under the PLCAA proximately caused Plaintiffs' injury?

## Firearms Industry Responsibility Act

1) Does the PLCAA preempt the Firearms Industry Responsibility Act ("FIRA"), 815 ILCS 5/2DDDD?

2) If not preempted, is FIRA unconstitutional and does its application to Smith & Wesson's advertisements violate Smith & Wesson's First Amendment and Due Process rights?

3) Could Smith & Wesson have "knowingly" violated FIRA Section (b)(2) and/or (b)(4), which were not enacted until more than a year after the shooting incident that forms the basis of Plaintiffs' Complaints?

4) If Smith & Wesson could have knowingly violated FIRA before its enactment, could that knowing violation have proximately caused injuries sustained by Plaintiffs before FIRA was enacted?

## Consumer Fraud Act (Unfairness)-Standing

Do Plaintiffs have standing to bring an unfairness claim under Section 10a of the CFA where Plaintiffs do not allege either that they are purchasers or consumers of the Defendant's products or that the Defendant intended for the Plaintiffs to receive or rely upon the alleged unfair advertisements?

Causation

1) Do Plaintiffs' allegations of intervening causal acts, including intentional, volitional, and criminal conduct, by other parties preclude a finding that Smith & Wesson proximately caused Plaintiffs' injuries and damages as a matter of law?

2) Did Plaintiffs plead facts that "the shooter saw one or more of Smith & Wesson's advertisements;" the advertisements "motivated or inspired" the shooter to commit his alleged crimes;" and that Smith & Wesson's advertising "created a condition conducive to a foreseeable intervening criminal act?"

Duty

Did Plaintiffs plead facts demonstrating that Smith & Wesson owed a cognizable duty to Plaintiffs, necessary to plead negligence-based claims, because advertisements portrayed in their Complaints created a foreseeable risk of injury, and the magnitude and consequence of placing a burden on Smith & Wesson to guard against criminal misuse of firearms is "minute?"

First Amendment

Was the correct constitutional analysis applied to Smith & Wesson's First Amendment defense?

## ANALYSIS

Rule 308 permits a trial court to certify a question of law to the appellate court: "When the trial court, in making an interlocutory order not otherwise appealable, finds that the order [(1)] involves a question of law as to which [(2)] there is substantial ground for difference of opinion and [(3)] that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the court shall so state in writing, identifying the question of law involved." Ill. S. Ct. R. 308(a).

Where resolution of a certified question "will depend on the resolution of a host of factual predicates," a reviewing court should typically decline to answer the question. *Combs v. Schmidt*, 2015 IL App (2d) 131053, ¶ 6; *Spears v. Ass'n of Illinois Electric Cooperatives*, 2013 IL App (4th) 120289, ¶ 15. In answering a certified question, the appellate court's role is "to answer the specific question and return the parties to the trial court without analyzing the propriety of the underlying order." *Combs v. Schmidt*, 2015 IL App (2d) 131053, ¶ 6; *Abrams v. Oak Lawn–Hometown Middle School*, 2014 IL App (1st) 132987, ¶ 5. Rule 308 "was not intended to be a mechanism for expedited review of an order that merely applies the law to the

facts of a particular case," and it does not "permit us to review the propriety of the order entered by the lower court." *Id.*; *In re Estate of Luccio*, 2012 IL App (1st) 121153, ¶ 17.

The Court finds that the following questions are not appropriate for Rule 308(a) review: PLCAA Immunity questions 1, 4, 5; Firearms Industry Responsibility Act question 4; Consumer Fraud Act (Unfairness)-Standing question; Causation questions 1, 2; Duty question; and First Amendment question. The Court agrees with Plaintiffs' analysis of these questions finding that they are not pure questions of law and their answers are dependent on the underlying facts of the case, thus making the questions improper. *See Rozsavolgyi v. City of Aurora*, 2017 IL 121048, ¶20. The PLCAA Immunity questions 4, and 5 seek answers that are dependent on facts that the Plaintiffs pled in their causes of action. In order to answer whether a "knowing" violation of a predicate statute was committed, the Court must resolve factual disputes and apply those facts to the law. The Causation and Duty questions also rely on the application of facts to the law by asking whether allegations of fact in Plaintiffs' Complaints adequately alleged the proper legal components of duty and causation. Further, the Consumer Fraud Act-Standing question also requires facts of this particular case to be applied to law in regard to whether Plaintiffs adequately pled the necessary requirements of an Unfairness claim under the CFA. The First Amendment question specifically asks whether the court correctly applied the facts regarding the nature of the advertising and marketing of Smith & Wesson to First Amendment law. None of these questions are pure questions of law that are appropriate for certification under Rule 308. Further, PLCAA Immunity question 1 asks whether Plaintiffs pled a "qualified civil liability" action that is barred under the PLCAA. This question was not in dispute by any of the parties. The Court's Order was clear that the Plaintiffs' Complaints met the definition of a "qualified civil liability" action under the PLCAA. However, the issues to be resolved were whether the predicate statute exception under the PLCAA applied to deny Defendants' immunity under the PLCAA. Thus, there is no substantial ground for difference of opinion concerning this question.

The Court does find the following questions appropriate for certification: PLCAA Immunity questions 2, 3; and Firearms Industry Responsibility Act questions 1, 2, and 3. However, the Court has revised some of the proposed questions to express true questions of law that are material to advance the litigation. Below are the revised questions:

Firearms Industry Responsibility Act

1) Does the Firearms Industry Responsibility Act ("FIRA"), 815 ILCS 505/2DDDD, qualify as a predicate statute for exemption under the PLCAA, 15 U.S.C. §7903(5)(A)(iii).

2) Is the FIRA preempted by the PLCAA?

3) If not preempted, is the application of FIRA to Smith & Wesson's sales and marketing mediums consistent with the U.S. Constitution, or does it infringe upon the First and Second Amendments and the Dormant Commerce Clause?

4) If the FIRA is "declarative of existing law" but applies to "actions commenced or pending on or after August 14, 2023", can a violation of the FIRA's provisions be "knowingly" committed before the FIRA was enacted?

The PLCAA Immunity questions involve questions of law as each of them asks the Appellate Court to interpret the meaning of PLCAA's predicate statute exception and whether it applies to common law claims and CFA/DTPA claims. Neither question is dependent on resolving or applying particular facts of this case to the law. Likewise, the FIRA questions 1, 2, and 3 ask the Appellate Court to resolve questions of law as to whether the FIRA is an applicable predicate statute, whether the FIRA is preempted by the PLCAA, whether the FIRA is constitutional, and whether violations of the FIRA could occur before its enactment.

Plaintiffs attempt to argue the PLCAA Immunity questions and FIRA questions do not have substantial grounds for differences of opinion. However, the Court disagrees. "The substantial grounds for difference of opinion prong in Rule 308 has been satisfied in instances where the question of law had not been directly addressed by the appellate or supreme court. . . ." *Rozsavolgyi v. City of Aurora*, 2017 IL 121048, ¶ 32. Here, these issues have not been addressed by either court. Plaintiff implicitly admits this in stating that none of the cases cited by Smith & Wesson supports or addresses the questions. This Court's order cited support for its opinion from other jurisdictions in part due to these questions of law not being directly addressed by the Illinois appellate or supreme court. Thus, Plaintiffs' argument has no merit.

Additionally, the above questions the Court agrees to certify would materially advance the litigation. Determining whether the PLCAA predicate statute exception applies to Plaintiffs' claims would be definitive of whether Plaintiffs' causes of action are allowed to move forward at all. Whether the FIRA is preempted or constitutional affects whether the PLCAA predicate

statute exception applies and also would make a material difference in whether the litigation of these matters move forward. In contrast, the questions for which the Court denies certification mainly concern whether the causes of action have been adequately pled. In which case, the Court determined the well-pled allegations were sufficient. The litigation can still materially advance and the questions presented by Smith & Wesson as to whether Plaintiffs have the evidence and proof needed for the duty, causation, and "knowing" elements of their claims can be answered at another stage of the litigation.

Accordingly, for the reasons stated above, the Court certifies for interlocutory appeal the following questions:

Does the PLCAA bar Plaintiffs' common law claims?

Can alleged violations of either the Illinois Consumer Fraud and Deceptive Trade Practices Act ("CFA"), 815 ILCS 505/2 or the Illinois Deceptive Trade Practices Act ("DTPA"), 815 ILCS 510/2 serve as a predicate statute that could deprive Smith & Wesson of PLCAA immunity?

Does the Firearms Industry Responsibility Act ("FIRA"), 815 ILCS 505/2DDDD, qualify as a predicate statute for exemption under the PLCAA, 15 U.S.C. §7903(5)(A)(iii).

Is the FIRA preempted by the PLCAA?

If not preempted, is the application of FIRA to Smith & Wesson's sales and marketing mediums consistent with the U.S. Constitution, or does it infringe upon the First and Second Amendments and the Dormant Commerce Clause?

If the FIRA is "declarative of existing law" but applies to "actions commenced or pending on or after August 14, 2023", can a violation of the FIRA's provisions be "knowingly" committed before the FIRA was enacted?

Smith & Wesson has not requested or brought forth any argument to stay these matters pending appeal. Therefore, this Court issues no stay of proceedings.

SO ORDERED.

ENTER: _____
Jorge L. Ortiz, Circuit Judge

Dated this ___06/05/2025___, 2025, at Waukegan, Illinois.