FILED
6/5/2025 9:50 AM
Erin Cartwright Weinstein
Clerk of the Court
Lake County, Illinois

STATE OF ILLINOIS )
) SS
COUNTY OF LAKE )

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

| | |
|---|---|
| KEELY ROBERTS, individually and as parent and next friend of C.R. and L.R., and JASON ROBERTS, individually and as parent and next friend of C.R. and L.R.,<br><br>Plaintiffs,<br><br>v.<br><br>SMITH & WESSON BRANDS, INC., et al.,<br><br>Defendants.<br><br>And<br><br>CYBEAR INTERACTIVE, LLC, et al.,<br><br>Respondents in Discovery | Case No. 22 LA 00000487<br><br>Consolidated with Case Nos.<br>22 LA 00000488, 22 LA 00000489,<br>22 LA 00000490, 22 LA 00000491,<br>22 LA 00000492, 22 LA 00000493,<br>22 LA 00000494, 22 LA 00000495,<br>22 LA 00000496, 22 LA 00000497,<br>22 LA 00000532, 24 LA 00000201,<br>24 LA 00000203, 24 LA 00000206,<br>24 LA 00000466, 24 LA 00000471,<br>24 LA 00000474, 24 LA 00000475,<br>24 LA 00000476, 24 LA 00000477,<br>24 LA 00000478, 24 LA 00000479,<br>24 LA 00000480, 24 LA 00000481 |

**ORDER ON BUDSGUNSHOP.COM AND RED DOT ARMS' MOTION FOR CERTIFICATION OF ISSUES FOR INTERLOCUTORY APPEAL**

This matter comes before the Court on Defendants', Budsgunshop.com and Red Dot Arms, Motion for Certification of Issues for Interlocutory Appeal. Having heard arguments on this Motion, considered the statutory authority and case law, and being fully advised in the premises, the Court now FINDS AS FOLLOWS:

Defendants Budsgunshop.com and Red Dot Arms ("Gun Store Defendants") brought Motions to Dismiss Plaintiffs' Complaints pursuant to 735 ILCS 5/2-615 and 2-619. On April 1, 2025, the Court entered its Order denying the Gun Store Defendants' motions with respect to all Counts. Now, the Gun Store Defendants bring a Motion for Certification of Issues for Interlocutory Appeal. They allege the following questions of law are appropriate for interlocutory appeal under Supreme Court Rule 308(a):

Budsgunshop.com questions

1) Do Plaintiffs' claims against Bud's constitute a qualified civil liability action from which the PLCAA provides it with immunity unless an exception applies?

2) Whether a municipal ordinance is a "State statute" for purposes of the predicate exception to the PLCAA set forth in 15 U.S.C. §7903(5)(A)(iii)?

3) Whether a municipal ordinance banning the possession of certain firearms within the geographic boundaries of the enacting municipality is a "statute applicable to the sale or marketing of" firearms that takes place entirely outside of the municipality for purposes of 15 U.S.C. §7903(5)(A)(iii)?

4) Whether an Illinois municipal ordinance banning the possession of certain firearms within the geographic boundaries of the municipality is violated by the online sale of a firearm to a resident of that municipality by a federally licensed firearms dealer located in another state when the firearm is shipped to a federally licensed firearms dealer in Illinois?

5) Whether a firearms dealer that sells a firearm to a customer through the internet and ships the firearm to a federally licensed firearms dealer, who in turn, transfers the firearm to the customer who purchased it, "supplies" the firearm to the customer who purchased it or the dealer to whom it shipped the firearm for purposes of 15 U.S.C. §§7903(5)(B)?

6) Whether a firearms dealer who transfers a firearm to another federally licensed firearms dealer can be held liable for negligent entrustment pursuant to 15 U.S.C. §§7903(5)(A)(ii) & (B) if the person to whom the other dealer transfers the firearms uses it "in a manner involving unreasonable risk of physical injury to the person or others"?

7) Whether liability based on aiding and abetting the violation of a state or federal statute applicable to the sale or marketing of firearms for purposes of 15 U.S.C. §§7903(5)(A)(iii) can be based on anything less than acts by the defendant that seek to make the principal's violation of the statute succeed?

8) Whether liability based on aiding and abetting and/or in concert liability pursuant to Illinois law can be based on anything less than intentional acts or omissions specifically intended to assist the principal to commit the unlawful act?

9) Whether a firearms dealer that sells a firearm to a customer online and ships it to another federally licensed firearms dealer to transfer it to the customer pursuant to the requirements of state and federal law owes a duty to third parties who could be harmed if the customer to whom the firearm was sold used it to commit crimes?

10) Whether the online sale of a firearm that is shipped to another federally licensed firearms dealer to transfer it to the customer pursuant to the requirements of state and federal law is a proximate cause of damages sustained by plaintiffs when the purchaser of the firearm uses it to commit multiple premeditated murders?

Red Dot Arms questions

1) Can aiding and abetting liability apply absent allegations of knowledge and intent to assist another in breaking the law?

2) Can a negligent entrustment claim be based on the mere potentiality that another could later break the law?

## ANALYSIS

Rule 308 permits a trial court to certify a question of law to the appellate court: "When the trial court, in making an interlocutory order not otherwise appealable, finds that the order [(1)] involves a question of law as to which [(2)] there is substantial ground for difference of opinion and [(3)] that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the court shall so state in writing, identifying the question of law involved." Ill. S. Ct. R. 308(a).

Where resolution of a certified question "will depend on the resolution of a host of factual predicates," a reviewing court should typically decline to answer the question. *Combs v. Schmidt*, 2015 IL App (2d) 131053, ¶ 6; *Spears v. Ass'n of Illinois Electric Cooperatives*, 2013 IL App (4th) 120289, ¶ 15. In answering a certified question, the appellate court's role is "to answer the specific question and return the parties to the trial court without analyzing the propriety of the underlying order." *Combs v. Schmidt*, 2015 IL App (2d) 131053, ¶ 6; *Abrams v. Oak Lawn–Hometown Middle School*, 2014 IL App (1st) 132987, ¶ 5. Rule 308 "was not intended to be a mechanism for expedited review of an order that merely applies the law to the facts of a particular case," and it does not "permit us to review the propriety of the order entered by the lower court." *Id.*; *In re Estate of Luccio*, 2012 IL App (1st) 121153, ¶ 17.

The Court finds that the following questions are not appropriate for Rule 308(a) review: Budsgunshop.com questions 1, 2, 4-10 and Red Dot Arms' questions 1, and 2. The Court agrees with Plaintiffs' analysis of these questions finding that they are not pure questions of law and

their answers are dependent on the underlying facts of the case, thus making the questions improper. *See Rozsavolgyi v. City of Aurora*, 2017 IL 121048, ¶20. In order to answer whether the municipal ordinance has been violated, or whether the Gun Store Defendant "supplies" the firearm to the customer, the Court must resolve factual disputes and apply those facts to the law. Further, the questions as to whether the Gun Store Defendants can be held liable for negligent entrustment, or aiding and abetting, depend on applying the facts of this case to the applicable law. The causation and duty questions also rely on the application of facts to the law by asking whether allegations of fact in Plaintiffs' Complaints adequately alleged the proper legal components of duty and causation. None of these questions are pure questions of law that are appropriate for certification under Rule 308.

Further, Budsgunshop.com questions 1 and 2 do not present a substantial difference of opinion. Question 1 asks whether Plaintiffs pled a "qualified civil liability" action that is barred under the PLCAA. This question was not in dispute by any of the parties. The Court's Order was clear that the Plaintiffs' Complaints met the definition of a "qualified civil liability action" under the PLCAA. However, the issues to be resolved were whether the predicate statute exception under the PLCAA applied to deny Defendants' immunity under the PLCAA. Thus, there is no substantial ground for difference of opinion concerning this question. Additionally, regarding question 2, the plain text of the PLCAA defines the word "State" and is the deciding factor. There is no difference of opinion in the appellate or supreme court as to the plain text. The Gun Store Defendants provide no authority for the construction they advance. Thus, the Court can find no substantial difference of opinion justifying the certification of these questions.

Finally, question 4 involves an issue that was not determined by the Court. The question presented by Defendants is whether an Illinois municipal ordinance banning the possession of certain firearms within the geographic boundaries of the municipality is violated by the online sale of a firearm to a resident of that municipality by a federally licensed firearms dealer located in another state when the firearm is shipped to a federally licensed firearms dealer in Illinois. However, the issue determined by the Court involved not the direct violation of a municipal ordinance banning possession of a firearm by a sale outside the municipal boundaries, but the aiding and abetting of the violation of the municipal ordinance banning possession. These are different issues and the answer to the question presented by Defendants will not materially advance the litigation in any way.

The Court does find the Budsgunshop.com question 3 appropriate for certification. This issue involves questions of law as it asks the Appellate Court to interpret the meaning of "statute applicable to the sale or marketing of" firearms for purposes of 15 U.S.C. §7903(5)(A)(iii) and whether it encompasses a municipal ordinance banning the possession of certain firearms within the geographic boundaries of the enacting municipality. The question is not dependent on resolving or applying particular facts of this case. Likewise, resolution of this question does directly affect the current matter at issue as to whether the predicate statute exception in the PLCAA applies to the Gun Store Defendants and, thus, the Court does not find it overbroad. Plaintiffs attempt to argue this question does not have substantial grounds for differences of opinion. However, the Court disagrees. "The substantial grounds for difference of opinion prong in Rule 308 has been satisfied in instances where the question of law had not been directly addressed by the appellate or supreme court. . . ." *Rozsavolgyi v. City of Aurora*, 2017 IL 121048, ¶ 32. Here, this issue has not been addressed by either court. Plaintiff implicitly admits this in stating that none of the cases cited by the Gun Store Defendants supports or addresses the question. Thus, Plaintiffs' argument has no merit.

Additionally, the above question the Court agrees to certify would materially advance the litigation. Determining whether an ordinance violation satisfies the PLCAA predicate statute exception applies to most of Plaintiffs' claims and would be definitive of whether Plaintiffs' causes of action are allowed to move forward at all. In contrast, the questions for which the Court denies certification mainly concern whether the causes of action have been adequately pled. In which case, the Court determined the well-pled allegations were sufficient. The litigation can still materially advance and the questions presented by the Gun Store Defendants as to whether Plaintiffs have the evidence and proof needed for the duty, causation, and "aiding and abetting" elements of their claims can be answered at another stage of the litigation.

Accordingly, for the reasons stated above, the Court certifies for interlocutory appeal the following question:

> Whether a municipal ordinance banning the possession of certain firearms within the geographic boundaries of the enacting municipality is a "statute applicable to the sale or marketing of" firearms that takes place entirely outside of the municipality for purposes of 15 U.S.C. §7903(5)(A)(iii)?

The Gun Store Defendants have not requested or brought forth any argument to stay these matters pending appeal. Therefore, this Court issues no stay of proceedings.

SO ORDERED.

ENTER: ______________________

Jorge L. Ortiz, Circuit Judge

Dated this 06/05/2025, 2025, at Waukegan, Illinois.